# ORTEZ *vs.* JEWETT & CO.

1. In appeal cases from justices of the peace, where judgment is rendered as on issue joined, it is not error to allow the substitution of a lost statement without notice to the defendant.

2. In assumpsit to recover for lumber furnished by plaintiffs to defendant, defendant's agent by whom it was procured is a competent witness for plaintiffs; and evidence that he was indebted to defendant for money advanced on the building contract at the time he procured the lumber is irrelevant.

3. The testimony of a witness on a point not in issue cannot be contradicted, nor can he be questioned about a matter not relevant to the issue in order to lay a ground for impeaching him.

4. When a partnership is plaintiff, and the christian names of the partners are nowhere set out in the summons or declaration, if defendant neither pleads in abatement, nor demurs, but goes to trial on a plea to the action, he will be held to have waived the defect, and cannot assign it for error.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. LYMAN GIBBONS.

J. F. JEWETT & Co. recovered a judgment against Diego Ortez before a justice of the peace, which the defendant removed by appeal to the Circuit Court, where plaintiffs again recovered judgment. The facts of the case, and the errors assigned, will be readily understood from the opinion.

GEO. N. STEWART, for plaintiff in error.

WILLIAM BOYLES, *contra.*

PHELAN, J.—It appears that the court below allowed a statement which had been lost to be substituted after judgment, but the record does not show that the plaintiff in error had notice of the motion.

It was decided in Wilkinson v. Branham, 5 Ala. 608, that, although it was a proper practice to require notice to be given in such a case, yet, if it was done without, the action of the court was not reversible. But this court has also decided, that where a judgment is rendered as on issue joined, if a declaration or plea is wanting, we will intend that they have been lost

from the files, so that the want of a declaration in such a case is not assignable for error, even if we reject the statement which was substituted.—Wheeler v. Bullard, 6 Por. 352; Castleberry v. Pearce, 2 S. & P. 141.

The witness, Randolph, on his examination swore that he was not indebted to Ortez at the time he procured the lumber from the plaintiffs. The defendant, in order to show that this witness was incompetent from interest, and also to impeach his credibility, offered to prove, first, that at the time the lumber was procured he held a written contract from said witness, by which he bound himself to build for defendant certain houses and furnish materials by a given time for a certain sum, and produced the contract; secondly, that at that time the witness was indebted to the defendant for advances of money made to him not due by the contract; thirdly, that he afterwards abandoned his said building contract, and agreed to discharge the defendant from all further claim on account of the same, in consideration of the money that had been advanced, and produced a receipt from the witness to that effect, by which defendant also agreed to receive the work that had been done and the materials furnished in satisfaction of what had been paid.

All this testimony was rejected by the court, as being incompetent for either purpose; that is, to show an interest in the witness, or to impeach his credibility.

The issue presented by the pleadings was the liability of Ortez, the defendant, to Jewett & Co., the plaintiffs, for the lumber alleged to have been sold by them to him. Randolph testified that he procured it for Ortez as his agent.

It cannot be pretended that he was incompetent from interest on account of being agent. It is equally clear, that whether he was indebted to Ortez or not, for money advanced on the building contract, at the time he procured the lumber, could not in any manner affect the question as to whether or not he was interested in this suit. The testimony offered did not, therefore, tend to show any such interest and was irrelevant, and so properly rejected.

But he testified that he was not indebted to Ortez, and this evidence was offered to disprove that—to contradict, and so impeach him on this question of fact. The matter was irrelevant, and defendant might have objected to the question. But in

such a case, it being a question upon a point not in issue, his answer must be taken as true, and cannot be contradicted. You cannot question a witness, or allow the other party to question him without objection, about a matter not relevant to the issue, in order to lay a ground to impeach him by calling witnesses to disprove what he says.—1 Green. Ev. § § 449, 462.

The last assignment of error is, that the christian names of the partners composing the firm of J. F. Jewett & Co. are not any where set out in the proceedings.

We have decided, that when the summons contains only the firm name of the partnership, the defect may be cured by setting out the names in full in the statement, in cases of appeal from a justice of the peace.—Snow & Co. v. Ray, 2 Ala. 344. There are cases to be found, which decide that if the defect is carried into the statement or declaration, it can be reached by a general demurrer.—Hayes v. Lanier, 3 Blackford 323 ; 5 ib. 295. And by the same principles, if the judgment had been by default, or even by *nil dicit,* the defect could have been reached by motion in arrest, or assigned for error.—Reid & Co. v. Mc-Leod, 20 Ala. 576 ; Emanuel v. Ketchum, 21 ib. 257. But if the opposite party neither pleads in abatement, nor demurs, but goes to trial on a plea to the action, he will be held to have waived the defect in the declaration.—Martin & Cornwell v. Kelly, Cheves' R. 216.

Let the judgment be affirmed.