# Moore & McGee *v.* Burns & Company.

*Action on Promissory Note, by Payees against Makers.*

1. *Action by partnership; statement of partners' names.*—In an action by a partnership, the record must show the individual names of the several partners; although the statute (Code of 1876, § 3038) dispenses with the necessity of proving them, unless denied by plea verified by affidavit, and also (§ 2904) authorizes a suit against a partnership by its firm name.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. LOUIS WYETH.

L. B. COOPER, for appellants, cited 1 Chitty's Pleadings, 256; *Reid & Co. v. McLeod,* 20 Ala. 576; *Lanford v. Patton, Donegan & Co.,* 44 Ala. 584; *Rhea v. Rawlings,* 3 Cr. C. C. 256; 1 Penn. 75, 137; 5 Halst. 295; *Bartlett v. Crozier,* 17 Johns. 439; 8 Ind. 451; 2 Stew. 506; 9 Pick. 546.

BRANDON & JONES, *contra.*—The statute dispenses with proof of the names of persons composing the partnership which is plaintiff, unless they are denied by plea verified by affidavit.—Code of 1876, § 3038. In pleading, it is a general rule, that it is not necessary to allege what it is not necessary to prove.

MANNING, J.—The suit in this cause was brought in the name of "Burns & Company," who in the complaint are called the plaintiffs ; and there was a judgment by default. There is nothing in the record indicating that this is the name of a corporation. Evidently, it is the style under which certain persons are or were associated together, probaby as partners in business. But it is not anywhere shown who are the individuals that are or were associated together under that name. They did not bring this suit and make themselves, as parties thereto, amenable to the jurisdiction and orders of the court.

Only a person, natural or artificial, an individual or a corporation, can bring a suit in a judicial tribunal. It is for the trial and decision of causes for or between such persons only, that the tribunal is constituted ; and as they become subject to its jurisdiction in such suits, the court must be informed who they are, upon or against whom its judgments and orders are to operate or be enforced.—1 Chitty's Pl. 256; *Reid & Co. v. McLeod*, 20 Ala. 577 ; *Opelika v. Daniel*, at this term.

By section 2904 (2538) of the Code of 1876, two or more persons, associated together as partners, may be sued as defendants by their firm name; and if process be served on one or more of such persons, a judgment may be rendered against the partnership, and satisfaction thereof be enforced out of the joint property. Perhaps, the difficulty, sometimes, of a plaintiff's finding out who all the persons are that compose such an association, caused this enactment. But it does not apply to plaintiffs so associated. They, of course, know, and can sue in their own names.

Section 3038 (2684), in the chapter "Of Evidence," does not change the law of pleading, or manner of bringing suits. It supposes that persons composing a firm or partnership have sued as such, setting forth their own names, and that of the firm ; and as, presumably, these are correctly alleged, the statute will not allow a defendant to put them to the expense and delay,—which, if they live in a distant State, may be considerable,—of proving that allegation, unless its truth is denied under oath. This does not enable them to sue by their firm name alone.—*Lanford v. Patton, Donegan & Co.*, 44 Ala. 585.

There is no other error in the record. Let the judgment be reversed, and the cause remanded.