# Moore *v.* Watts & Sons.

*Action on the Common Counts for Services Rendered as Attorneys.*

1. *Action by partnership, not setting out partners' names, waiver of irregularities.*—In an action by a partnership, the names of the individual partners being nowhere stated in the complaint, if the defendant goes to a trial on a plea to the merits, without objection to the irregularity, he can not take advantage of it on error or appeal.

2. *Charge confining jury to evidence before them.*—The oath of the jurors binds them to render a true verdict according to the evidence, and they have no right to go beyond or against it on account of any personal knowledge of the facts in issue; and the court may so instruct them.

3. *Charge invading province of jury.*—A charge asked, which assumes as true facts which are controverted, is properly refused.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. H. C. SPEAKE.

The appellees, Watts & Sons, a partnership in the pracice of the law, composed of Thomas H. Watts, John W. Watts and Thomas H. Watts, Jr., brought suit against the appellant, Samuel H. Moore, for the value of professional services rendered the appellant. The individual names of the members of the plaintiffs' firm were set forth in the summons, but the firm name alone was used in the complaint and judgment.

The complaint was upon the *common counts* and the pleas were *non assumpsit* and *payment*.

On the trial the plaintiffs introduced Thomas H. Watts as a witness, to prove the contract for, and nature of, the legal services rendered. Thereupon, the defendant produced and exhibited to the court the following receipt of the plaintiffs, admitted by the plaintiffs to be genuine : "Montgomery, Ala., Dec. 12, 1877. Received of Sam'l H. Moore his check on R. W. Rison & Co., Huntsville, Ala., for seventy-five dollars, half of the fee in the case of Lanier *et al* vs. Samuel H. Moore, pending in Supreme Court, ($75.00.) Watts & Sons ;" and insisted that it was the written evidence of the contract between the parties, and objected to the admission of parol evidence to contradict or vary the written contract. The court overruled the objection and permitted the witness to testify in relation to the contract, and the defendant excepted.

The witness then testified that at the time of giving the receipt, the defendant employed plaintiffs for a fee of $150, to *prepare and file a brief* in the case of Lanier *et al.* against defendant, then pending in the Supreme Court of Alabama ; that defendant paid half the fee at the time of the employment of plaintiffs, for which the receipt was given, and paid the other half before the suit was decided; that, after a decision had been rendered in the case, a re-hearing was granted and the defendant employed the plaintiffs *anew* to attend the case on the re-hearing, which plaintiffs did. The plaintiffs introduced in evidence a letter from the defendant to the plaintiffs, dated July 25, 1882, in which the defendant acknowledged receipt of a copy of the plaintiffs' brief in the said Lanier case, expressed his satisfaction therewith, urged the importance to him (defendant) of a speedy determination of the case, and concluded as follows : "When the case is decided I will send you a fee."

The plaintiffs testified to the nature and amount of the services rendered by them on the application for a re-hearing in said case, and introduced as witnesses several attorneys, who testified as to the value of said services.

The defendant, as a witness for himself, testified that at

[Moore v. Watts & Sons.]

the time of taking the receipt above set forth, he employed the plaintiffs to *attend to said Lanier case* in the Supreme Court, and not simply *to prepare and file* a brief in the case, for a fee of $150.00, half to be then paid, and the other half when the case was decided; that, after a re-hearing was granted and while plaintiffs were attending to the case on the re-hearing, plaintiffs did inform him that they would expect an additional fee, but would leave the amount of it to him, and that he wrote said letter promising to send a fee when the case was decided.

The defendant then introduced in evidence the receipt above set forth, and also the following letter from the plaintiffs to the defendant, dated Aug. 15, 1882 : "We have been disappointed in getting no answer to our letters. We agreed to leave to you the amount to be paid us as fee in the case of Lanier v. you. You promised to send fee when case was decided. You have not done so, and you have not fixed the fee. We, therefore, fix it ourselves. We have drawn on you for $350.00. This, with the amount you paid heretofore, will make $500 00, a very reasonable fee for our services in the case. We trust you will pay the draft when presented. The services we rendered in June last are worth the whole $500.00, especially when you consider the result."

At the request in writing of the plaintiffs, the court gave the following charges, to each of which the defendant separately excepted : "1. The jury should look to all the circumstances of the case in determining whether the $150.00 was for the special service of filing written brief, and among other circumstances, is the letter of defendant of July, 1882, and the proof of the witnesses as to the value of the services actually rendered. 2. The oath of the jury has been taken by them to decide this case according to the evidence. They have no right to go outside of the evidence or to indulge in any views of their own upon the subject, which finds no warrant in the sworn evidence adduced before them. 3. The jury have no right to take into consideration any knowledge they may have (apart from the evidence before them) as to the value of the legal services claimed to have been performed by the plaintiffs in this case."

Charges 2 and 3 were requested and given as counter-charges to the following, which had been given at the request of the defendant : "In an action for legal services, the opinion of attorneys as to their value is not to preclude the jury from exercising their own knowledge and ideas on the subject. It is their province to weigh the opinions by reference to the nature of the services rendered, the time occupied in their performance, and other attending circumstances, and

[Moore v. Watts & Sons.]

by applying to them their own experience and knowledge of the character of such services. The judgment of a witness is not as a matter of law, to be accepted by the jury in place of their own."

The defendant in writing asked the following charge, which the court refused, and the defendant excepted : " The plaintiffs' receipt for half of the fee in the case of *Lanier et al. v.* defendant, pending in the Supreme Court, and the fact that the other half was to be paid when the case was decided, may be looked to and considered by the jury in connection with all the other evidence in the case, in determining whether the plaintiffs were employed simply to file a brief or to attend to the case."

The rendition of judgment in favor of plaintiffs in their firm name, the admission of the parol evidence of the contract, the charges given at the request of the plaintiffs, and the refusal of the charge asked by the defendant, are assigned as error.

CABANISS & WARD, for appellant.—1. The names of the partners constituting the firm no where appear in the pleadings. The complaint therefore contained no cause of action for the want of a plaintiff competent to sue.—*Moore & McGehee v. Burns & Co.*, 60 Ala. 269. The clerk, without authority, set out the names of partners in the summons ; this could not supply a defect in the complaint, and, at best, could only have supported an amendment. 2. If the receipt evidenced the contract, parol evidence was inadmissible to vary it. At any rate the receipt evidenced the relation of attorney and client pending the suit; this prohibited the attorney from making another contract pending the suit for additional compensation, and evidence of such new contract should have been excluded.—*Lecatt v. Sallee*, 3 Port. 115. 3. When the testimony of the witness is merely judgment or opinion, the jury may exercise their own judgment.—*Head v. Hargrove*, 105 U. S. 45.

MILTON HUMES, *contra.*—1. If it was error to not set out the names of the partners in the complaint, the appearance by the defendant and pleading to the merits was a waiver.—*Ortez v. Jewtt*, 23 Ala. 662. In the case of *Moore & McGhee v. Burns & Co.*, 60 Ala. 269, there was a judgment by default, and the names of the partners appeared neither in the summons nor pleadings. 2. The parol evidence and the letter of defendant showed a new employment. 3. The charges of plaintiff were properly given. Charges 2 and 3 were necessary to prevent the jury from being misled.

*Cary v. Hughes*, 17 Ala. 388. The charge asked by the defendant and refused assumed to be true facts which were controverted.

SOMERVILLE, J.—1. The objection urged in the first assignment of error is not well taken. If there had been a *judgment by default* taken by the plaintiffs, Watts & Sons, without setting out the christian names of the partners anywhere in the complaint, or summons, the defect might have constituted an error for which a reversal would lie in this court. The case of *Moore v. Burns & Co.*, 60 Ala. 269, cited by appellant's counsel, was one of this kind. But where the defendant goes to trial on a plea to the merits without taking objection to the defect in the lower court, he waives it, and can not raise the point for the first time in this court.—*Ortez v. Jewett*, 23 Ala. 662. We need not decide whether mentioning the names of the individual partners in the *summons* would or would not be sufficient, when all mention of them is omitted in the complaint ; nor whether the name in which the suit is instituted could be construed to import a corporate character, as in the case of *Seymour & Sons v. The Thomas Harrow Company*, decided at the present term.

2. There was certainly no error in the charge of the court instructing the jury, that, in ascertaining by their verdict the value of the services of counsel, for which the suit was brought, they had no right to go outside the evidence and act from their own knowledge, apart from the evidence before them. The oath of the jury is to well and truly try all issues which may be submitted to them, and " a true verdict render according to the *evidence*." It is a fundamental maxim of our jurisprudence that the personal knowledge of jurors as to facts in issue can not be allowed to overturn or prevail against the legal testimony introduced on the trial. It has long been held in this State that a charge is erroneous which instructs a jury that they have a right to draw an inference which is opposed to all the testimony.—*Cary v. Hughes*, 17 Ala. 388.

3. The charge requested by the defendant assumed as true certain facts which were controverted, and, for this reason, apart from other sufficient objections to it, was properly refused.—*Humes v. Washington*, 74 Ala. 64.

Affirmed.