# Foreman *v.* Weil Bros.

*Detinue for Recovery of Mules and Wagon.*

| 98 | 495 |
| 102 | 457 |
| 98 | 495 |
| 115 | 697 |

· 1. *Suit in partnership name, without naming its members.*—The purpose of the law in requiring that the names of the members of a partnership plaintiff should appear, that the court might be informed

[Foreman v. Weil Bros.]

what parties were before the court, is complied with in an action of detinue where the names of the individual members, though omitted from the complaint, appear in the affidavit, and in other parts of the pleadings.

2. *Same; waiver of defect, if any, by failure to object.*—Even though the complaint had been open to objection by its failure to set out the names of the individuals composing the partnership, such defect was waived by the defendant going to trial without making the objection in the court below.

3. *Gift of personal property; when actual delivery not necessary.* While true, generally, that actual delivery of personal property is essential to constitute a gift of it to another, when the articles are numerous or bulky, and not easily taken in hand, it may be sufficient that the donor point them out to the donee, and allow him to take them.

4. *Estoppel.*—Where the father, owning personal property, makes representations, and by his conduct influences advances to be made to his son upon the security of a mortgage upon said personal property—the mortgagee believing that the son has the right to so mortgage it, the law precludes the father from repudiating such representations to the injury of the mortgagee.

APPEAL from Chambers Circuit Court.

Tried before the Hon. JAMES R. DOWDELL.

This was an action of detinue brought by Weil Bros. against Lucius Foreman, to recover possession of mules and a wagon under a mortgage made to the plaintiffs by Ful-wood Foreman, a son of the defendant, on the 15th of January, 1891. The facts show that at the time of the execution of the mortgage by Fulwood Foreman, and during the remainder of the year, (1891), the defendant and his family were residing on the same place with the mortgagor ; that Fulwood Foreman, desired to procure advances of money and supplies from Weil Bros. to make a crop for the year ; that the defendant was present when his son made the mortgage to plaintiffs, and told plaintiffs that he had given this property to his son that he might mortgage it to get supplies to make a crop with, and to do with it as he pleased. It was shown that the plaintiffs advanced the full amount of the mortgage to said Fulwood Foreman. Upon seizure of the mortgaged property by the plaintiffs, the defendant claimed the property as his own, and gave a replevy bond for it. The trial was upon the plea of not guilty.

There were no exceptions reserved on the trial, except to the giving of the affirmative charge for the plaintiffs. The errors assigned by the appellant, are : (1.) There is error in the judgment entry. (2.) The suit is in the name of a partnership, and not in the names of the members of the firm. (3.) The court erred in giving the general affirmative charge for the plaintiffs.

[Foreman v. Weil Bros.]

SANFORD & THOMAS, for appellant.—1. The property mortgaged by Fulwood Foreman, belonged to the appellant. The proof showing that the appellant *gave* the property to the mortgagor for the purpose of securing advances was only a *parol consent* that his property be mortgaged—That being the fact, the mortgage was *void*. *McPherson v. Walten,* 16 Ala. 716. 2. There was no evidence that the property was ever delivered to Fulwood Foreman. "A *bona fide* intention to give, no matter how decidedly formed, or how often expressed, is insufficient to give title. The donor must part with the dominion, &c." *Jones v. Dyer,* 16 Ala. 224. 3. The suit is in the name of the *partnership*. It is true, it is stated who composed the firm, but the suit is in the name of the partnership. A partnership, by the terms of the *statute* may be sued, but cannot sue. 4. The first assignment of error is abandoned. *Greene v. Lewis,* 85 Ala. 221.

A. & R. B. BARNES, for appellee.—1. The appellant not having taken advantage of the defect in the complaint in the court below, by demurrer or plea, cannot raise the objection in this court. Moreover, the individual names are set out. *Ortez v. Jewett,* 23 Ala. 662. 2. There was a gift of the property to the mortgagor accompanied with such delivery as the nature of the property would permit. The defendant designated what property he had given to his son and stated that he had given it to him, and the property was on the place where the donee and mortgagor lived.—There could have been no more open, practical delivery of possession to the mortgagor. He is estopped from now denying the gift, having secured the supplies advanced upon his representations and active conduct in the matter.

HARALSON, J.—The first assignment of error is waived by the appellant, in the argument filed in the cause.

The second,—that the suit is instituted in the name of the partnership and not in the names of the members of the firm,—is bad for two very good reasons, either of which is sufficient. In the first place, the names of the members of the plaintiff firm are set out in the detinue affidavit, in the summons and in the caption of the complaint. This complied fully with the requirements as to the bringing of suits by a partnership.—*Moore v. Watts & Sons,* 81 Ala. 261; *Moore & McGee v. Burns & Co.,* 60 Ala. 269. In the next place, the defendant went to trial on a plea to the merits, without making objection in the court below, to such supposed defect in

the proceedings, and he must be held to have waived it, even if it existed, and can not raise the point, for the first time, in this court.— *Ortez v. Jewett*, 23 Ala. 662; *Moore v. Watts & Sons, supra.*

It was shown, without conflict of evidence, that the property sued for, was in the possession of the defendant, when it was taken into the possession of the sheriff, at the time he served the detinue writ; that the plaintiffs derived their title to this property under a mortgage executed by Fulwood Foreman, a son of defendant, to the plaintiffs, on the 15th of January, 1891, to secure a note given by him, on that date, to plaintiffs for $300.00, payable on the first of October following, after which date, if not paid, the mortgage became foreclosable, and that money and supplies had been advanced by plaintiffs to the mortgagor, to the full amount of the note and mortgage. The execution of the mortgage, which included the note, was proved and read in evidence, and the identity of the property mentioned in it, with that described in the complaint, was shown.

It was further shown,—and there was no conflict in this evidence,—that the defendant was present, when the mortgage was executed, aiding and procuring it to be taken, and stated, at the time, to Enlich Weil, one of the plaintiffs, who drew up the mortgage, that he gave the property mentioned to his son, the mortgagor, for the purpose of his mortgaging it, to procure supplies with which to make a crop that year; that he also stated to Isadore Weil, another one of the plaintiffs, before the mortgage was executed, "that he had given the property to the mortgagor, that he might mortgage it for supplies to make a crop, and to do with it as he pleased."

There was but one witness examined for the defense, who stated, on his direct examination, that the mules belonged to the defendant and his wife, Narcissa; but, on the cross-examination he stated, that he was at the defendant's house, three years before that, when defendant brought the mules home, and he heard him say, he had bought the mules, and what he gave for them, and that this was all he knew about it. This witness further testified, that the defendant made a crop with the mules in 1890, and that he and his family lived on the same place with the mortgagor, in 1891, and his wife and daughter worked, that year, in his, the mortgagor's crop.

It is also stated, in the bill of exceptions, that neither the defendant nor the mortgagor were present at the trial, and

[Foreman v. Weil Bros.]

it appears also, that the wife of defendant was not examined as a witness.

The defendant, by his counsel, insists, that the effect of the evidence was, that the property was the defendant's, and that he was simply agreeing for the mortgagor to mortgage his, defendant's property, and that being the case, since § 1731 of the Code forbids parol mortgages of personal property, this one was void as to defendant, and the mortgagor had no right to convey the legal title by mortgage; and, however this may be, that it was a question for the jury, and not for the court to decide.

It is true, as a general proposition, that to constitute a gift of personal property, there must be an actual delivery of the property to the donee. The delivery, however, must be in accordance with the nature of the thing given. When reasonably consistent, there should be a manual delivery. When the articles are numerous or bulky, and not easily taken in hand, it may be sufficient for the donor to point them out to the donee, and allow him to take them.—Am. & Eng. Encyc. of Law, 1315.

The evidence is, as appears above, that defendant said to one of the plaintiffs, "he gave the property to his son, Fulwood, for the purpose of mortgaging it for supplies, for that year, to make a crop," and to the other plaintiff, "that he had given the property to the mortgagor, that he may mortgage it for supplies to make a crop with, and to do with as he pleased."

The fact that he had given the property to his son, and the purpose for which he gave it to him, is here declared. The words, "for the purpose," and "that he may," mean *in order that, so that,* he could mortgage it.

As has been before stated, the evidence shows, that defendant was present, at the time the mortgage was executed, and before that, had made these declarations of his gift of the property to his son, to the plaintiffs, in order to induce them to make advances to his son, and accept this mortgage as their security. He was personally interested in procuring the transaction to be made, for, as appears, he lived on the same place with the mortgagor, in 1891, and his wife and daughter worked with his said son in making a crop, that year. Admitting that the delivery of this property by defendant to the mortgagor, was not proved in so technical a sense, as to make it a complete gift, as between them, still, as to the plaintiff, he is not in a position to dispute the delivery of the property to his son, and that he had a right to give the mortgage on it. He made representations to the plaintiffs, to in-

fluence their conduct, and procured them, thereby, to accept this mortgage and advance their money, and he is precluded from denying his admissions and his acts, made for such purposes, when their denial will operate to the injury of the plaintiffs. In *Caldwell v. Smith*, 77 Ala. 165, we employed this language, which is especially applicable to the case in hand, "Where a fact has been asserted, or an admission made, through which an advantage has been derived from another, or upon the faith of which another has been induced to act, to his prejudice, so that a denial of such assertion or admission would be a breach of good faith, the law precludes the party from repudiating such representations."—1 Greenl. Ev. §§ 27, 207; 2 Her. on Est. §§ 725, 726; Am. & Eng. Encyc. of Law, 16; *Jones v. McPhillips*, 82 Ala. 102; *LeGrand v. Euf. N. B'k.*, 81 Ala. 123.

The Circuit Court committed no error in giving the general charge for the plaintiffs, and the judgment is affirmed.

Affirmed.