# The Planters & Merchants Bank et al. v. Laucheimer & Sons et al.

*Bill in Equity for Injunction against Attachment Proceedings.*

1. *Injunction against attachment proceedings as fraudulent; when bill contains equity.*—A bill filed by creditors of an insolvent debtor to enjoin proceedings under attachments, which avers facts showing that said attachments were issued at the suit of other creditors of the insolvent debtor, in furtherance of a fraudulent collusion with the debtor, made for the purpose of hindering, delaying and defrauding his other creditors, and that the writs of attachment were levied also in furtherance of such collusion, contains equity.

2. *Bill in equity by partnerships; when parties complainant sufficiently described.*—In a bill by partnerships as creditors of an insolvent debtor, the parties complainant are sufficiently described when it is averred that they sue as partnerships composed of individual members of the respective firms; and a special plea that the complainants should sue in the name of the individual members of the partnerships, doing business under the firm names, respectively, is without merit and should be overruled.

3. *Bill for injunction; dissolution of the injunction.*—If upon a bill filed asking for an injunction, it appears that greater injury may be caused to the complainant by the dissolution of the injunction than to the defendant by its continuance to the final hearing, the court may, in its discretion, refuse to dissolve the injunction, even on the filing of answers fully denying the allegations of the bill.

4. *Suit by creditors of an insolvent debtor to enjoin sale under fraudulent attachment; a debtor a necessary party.*—Where a bill is filed by creditors of the insolvent debtor, to enjoin a sale under attachments

alleged to have been fraudulently issued and levied upon the property of the debtor, the insolvent debtor is a necessary party.

APPEAL from the Chancery Court of Dale.

Heard before the Hon. JERE N. Williams.

The bill in this case was filed by the appellees against the appellants ; and prayed to have enjoined the sale of a stock of goods, which had been levied upon under attachments issued at the instance of the defendants.

The bill is in the nature of a general creditor's bill, and a large number of creditors of D. G. May are made parties complainant. Some of these complainants are corporations, some are partnerships, and others individuals. The complainants averred in the bill that they were all creditors of the said D. G. May, setting out the amount of said May's indebtedness to each of them, respectively. The bill further avers that the Planters & Merchants Bank, and one J. T. May, who is a brother of said D. G. May, sued out attachments against the said D. G. May, on November 6th, 1893; that the affidavits preceding the issuance of said attachments, recited the indebtedness of the said D. G. May to the Planters & Merchants Bank and to J. T. May, respectively, in large amounts ; that these attachments were placed in the hands of W. R. Sims, sheriff of Dale county, with instructions not to levy the said attachments unless other attachments were about to be sued out and placed in his hands, and then to levy theirs first; that it was agreed and understood between the said bank and J. T. May and D. G. May that these attachments were to be sued out by said bank and said J. T. May, and were to be levied on D. G. May's stock of goods in the city of Ozark and at Newton in Dale county, for the purpose of giving them a prior lien over all other creditors of the said D. G. May ; and that in pursuance of a prior agreement, and the fraudulent collusion on their part, in which the sheriff, W. R. Sims participated, these writs of attachment were levied upon the said stocks of goods of D. G. May on November 7th, 1893, just a few moments before the delivery to the said W. R. Sims, as sheriff, of the several attachments, which had been sued out by the complainants in this bill ; and that such levy by Sims, the sheriff, was in furtherance of the collusion which was made for the purpose of hindering, delaying

and defrauding the creditors of said D. G. May. The bill very fully avers the fraudulent purposes on the part of D. G. May and the Planters & Merchants Bank and J. T. May to give the said Bank and J. T. May a prior lien on the goods of said D. G. May, and that these purposes were participated in and carried out by W. R. Sims, the sheriff. It was further averred in the bill that, under the attachments of the said bank and J. T. May, W. R. Sims had levied upon the goods, and had the same in his possession, and was about to dispose of them in bulk, which would have been to the great detriment of all of the complainants.

The bill prays that an injunction be issued, restraining the said Planters & Merchants Bank and the said J. T. May from prosecuting their attachment suits against D. G. May to judgment, and that an injunction issue to W. R. Sims, enjoining him from the sale of said goods under said attachments, and that he be required to pay into the court any money that he may have obtained as the result of the levy of said attachments ; and also prayed for the appointment of a receiver.

The respondents filed sworn answers, denying all the material allegations of the bill in reference to fraud and collusion on their part, and set up the *bona fide* indebtedness of the said D. G. May to each of the defendant creditors.

They also filed special pleas setting up that there was a misjoinder of parties complainant, in that some of the complainants were corporations, some of them partnerships, and some of them individuals ; and that the partnership complainants sued as partnerships composed of the individual members, while they should sue in the names of the individual members of the partnership, doing business in the firm names, respectively. The respondents also moved the court to dissolve the writ of injunction, issued on the filling of the bill, on the grounds that the bill was without equity, and upon the denials of the answer.

Upon the submission of the cause, on this motion, the chancellor was of the opinion that the motion should not be granted, and decreed that said motion be overruled. The decree of the chancellor in this behalf is here assigned as error by the respondents, who prosecute the present appeal.

[The Planters & Merchants Bank et al. v. Laucheimer & Sons et al.]

BORDERS & CAMICHAEL and GRAHAM & STEINER, for appellants, cited Brickell's Dig. pp. 303, 306, 307 ; *Cartwright v. Bamberger, Bloom & Co.*, 90 Ala. 405; *McVey v. Brandal*, 7 Lond. L. Rev. 399 ; *Hart v. Clark*, 54 Ala. 490 ; *Porter v. Jennings*, 26 Pac. Rep. 965 ; *Barnard v. Davis*, 54 Ala. 565 ; *Motley v. Frank*, 15 Va. L. J. 354.

ROBERTS & MARTIN *contra*, cited *Cartwright v. Bamberger, Bloom & Co.*, 90 Ala. 405.

HARALSON, J.—The bill in this case contains all the necessary averments to give it equity. It is not distinguishable in principle from the case of *Cartwright v. Bamberger, Bloom & Co.*, 90 Ala. 405, where the merits of a bill of this character are fully discussed and passed on, and we deem it unnecessary to repeat here what was said there. See also *Bamberger, Bloom & Co. v. Voorhees*, 99 Ala. 292.

There is no merit in the special plea filed, that the names of the individuals composing the several complainant firms were not properly set out in the bill. In each instance, the names of the individuals composing the respective firms were given, and in a manner fully meeting the requirements of the rules of chancery pleading.—*Reid v. McLeod*, 20 Ala. 577 ; *Ortez v. Jewett*, 23 Ala. 662 ; *Couch v. Atkinson*, 32 Ala. 633 ; *Lanford v. Patton*, 44 Ala. 584 ; *Sims, Harrison & Co. v. Jacobson*, 51 Ala. 186 ; *Moore v. Watts & Sons*, 81 Ala. 265 ; *Foreman v. Weil*, 98 Ala. 495.

The answers very fully denied the allegations on which the equities of the bill rested ; but there were several *ex parte* affidavits read on the trial of the motion, without objection, in support of the allegations of the bill. Whether they were properly admissible or not, if they had been objected to, it is unnecessary to decide.

We are not satisfied that the chancellor erred in denying the motion to dissolve. We apprehend he chose the wiser course in not granting the motion. We have repeatedly held, that on a motion to dissolve an injunction, when the answer contains a full and complete denial of the material allegations of the bill, the court is invested with wide discretion in passing on the question, in the exercise of which, it will consider and balance the probable resulting damages to the respective

parties; and if it appear that greater injury may thereby result to the complainant than to the defendant, from continuing the writ until the final hearing, it will be retained.   Such seems to have been the case here.—*Harrison v. Yerby*, 87 Ala. 189 ; *Kinney v. Ensminger*, 87 Ala. 341; *Whittey & Trimble v. Dunham Lumber Co.*, 89 Ala. 497.

By a singular omission, the alleged insolvent, fraudulent debtor, D. G. May, was not made a party to the bill. He was a necessary party, and, the cause can not proceed without making him one.

Affirmed.