# Ivy Coal & Coke Co. *v.* Alabama National Bank.

### *Statutory Action of Ejectment.*

1. *Registration of certificate of judgment; should show name of owner of judgment* —The failure of the registry in the office of the judge of probate in which is recorded the certificate of a judgment or decree, to show the name of the owner of such judgment or decree, renders the registration thereof fatally defective and wholly inoperative to create a lien upon the property of the defendant in said judgment, as provided by the statute, (Code, § § 1920, 1921); and the defect rendering such registration void, is not cured by the name of the owner of the judgment being interpolated on the registry more than a year after the judgment was rendered and attempted to be registered.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was a statutory action of ejectment, brought by the appellee, the Alabama National Bank, on March 1, 1898, against the Ivy Leaf Coal & Coke Company, to recover possession of certain lands specifically described in the complaint.

It was shown by the evidence that on May 4, 1893, the Birmingham National Bank recovered a judgment against one Walter Moore, in the Circuit Court of Jefferson county. The plaintiff in said suit procured from the clerk of the court a certificate of said judgment and filed said certificate in the office of the judge of probate of Jefferson county on June 29, 1893; that in February, 1896, Walter Moore, the defendant in said judgment, conveyed by deed to the Ivy Leaf Coal & Coke Company the lands involved in this suit. That on June 3, 1898, an execution was issued on the said judgment and was levied by the sheriff on the lands in controversy; and that on February 14, 1898, the sheriff sold said lands under the levy, and the plaintiff in the present suit became the purchaser thereof.

It was further shown by the undisputed evidence in the case that at the time the certificate of the judgment was filed and registered, neither the certificate nor the registry of this judgment showed who was the owner of the judgment, and that about May 1, 1898, there was interpolated on the registry the words "and that plaintiff is owner of said judgment."

The court at the request of the plaintiff gave to the jury the general affirmative charge in its behalf. The defendant duly excepted to the giving of this charge, and also excepted to the court's refusal to give the general affirmative charge requested by it.

There were verdict and judgment for the plaintiff. The defendant appeals and assigns as error, among the other rulings of the court, the giving of the general 'affirmative charge requested by the plaintiff, and the refusal to give the general affirmative charge requested by the defendant.

JOHN J. MOORE, for appellant.—The registration of the certificate of judgment relied upon to support plaintiff's title in this case, was defective and void, in that it did not show the owner of the said judgment.—Code, § 1920; *Sorrell v. Vance*, 102 Ala. 207.

JOHN VARY, *contra.*—The statute under which the certificate of the judgment relied on in this case was registered should be liberally construed.—*Enslen v. Wheeler*, 98 Ala. 206. The registration of said judgment was sufficient and created a lien upon the lands involved in this suit.—Code, § § 1920, 1921, 1922; *Decatur C. &c. Works v. Moses*, 89 Ala. 538; *Sorrell v. Vance*, 102 Ala. 207; *Reynolds v. Collier*, 103 Ala. 245.

McCLELLAN, C. J.—Satutory action to recover possession of land. One link in plaintiff's chain of title is a sheriff's deed. The validity of this deed depends upon the validity of an execution under which a sale was made and this deed executed, and that in turn depends upon the sufficiency of an alleged registration of the judgment on which the execution issued, in the office of the judge of probate. It was shown for the defendant

[Cottingham *et al.* v. Greely *et al.*]

on the trial by uncontroverted evidence, to which there was no objection, that the registry of this judgment as made in the office of the judge of probate did not show the owner of the judgment. The registration was therefore wholly nugatory and void.—*Duncan v. Ashcraft, Admr.*, 121 Ala. 552; *Appling et al. v. Stovall, ante,* p. 398. The interpolation by the judge of probate of a statement on the registry of the name of the owner, made more than a year after the judgment was rendered and attempted to be registered, could not aid the registry.

On this state of case the affirmative charge should have been given for the defendant and not for the plaintiff.

Reversed and remanded.