# Conn *v.* Sellers.

### Ejectment.

(Decided January 18, 1917.   73 South. 961.)

1. **Partnership; Suit in Firm Name.**—A partnership is not a person, natural or artificial and cannot sue in the firm name without the aid of the statute.

2. **Judgment; Amendment after Term; Common Law.**—At common law courts were not authorized to amend judgments after the close of the term at which they were rendered, and judgments are not amendable at a subsequent term except in pursuance of statutory provisions.

3. **Same; Lien; Naming Parties; Statute.**—Neither a judgment which describes plaintiff, the partnership, in its title and body as J. Pollock & Company, nor a certificate of the judgment filed for registration in the office of judge of probate, which describes the plaintiff likewise, showed the names of all the parties as required by section 4156, Code 1907, as a condition precedent to the acquisition of the lien under section 4157, Code 1907.

4. **Same; Nunc Pro Tunc Judgment; Rights of Purchaser.**—The purchaser of real estate takes it charged with only such judgment liens as actually existed at the time of the purchase, and it is not competent for a court to fasten a lien on the land of a third person by the rendition of a nunc pro tunc judgment against his grantor, nor can the certificate of the judgment, registered in the office of the judge of probate be amended to affect the title of a third person previously acquired.

[Conn v. Sellers.]

APPEAL from Clarke Circuit Court.
Heard before Hon. BEN D. TURNER.
Ejectment by John Conn against W. O. Sellers.  Judgment for defendant and plaintiff appeals.  Affirmed.

F. E. POOLE and T. J. BEDSOLE, for appellant.  WILLIAM D. DUNN and Q. W. TUCKER, for appellee.

SAYRE, J.—Conn sued Sellers in a statutory action of ejectment.  The parties claimed title from a common source, one Danzey.  Plaintiff claimed under an execution sale and a sheriff's deed of March 18, 1912.  This execution was levied February 15, 1912; but plaintiff attempted to date his title back to November 5, 19:8, by showing that on that date a certificate of the judgment against Danzey, on which the execution had issued, had been filed for registration in the office of the judge of probate.  This judgment, such as it was, purported to have been rendered by default in the circuit court of the county on October 28, 1908, in favor of the plaintiffs therein, who were described in the certificate and in both the title and the body of the judgment, which was offered in evidence, as "J. Pollock & Co.," and not otherwise.

(1)  A partnership is not a person, either natural or artificial, and it cannot, therefore, without the aid of a statute, sue in the firm name.—Long v. K. C., M. & B. R. R. Co., 170 Ala. 635, 54 South. 62.  In Moore v. Burns & Co., 60 Ala. 269, in which case there was a judgment by default at the suit of "Burns & Co.," the court said that the partners composing the firm had not brought the suit nor made themselves, as parties thereto, amenable to the jurisdiction and orders of the court.  It is held, however, that where the defendant goes to trial on a plea to the merits without taking objection to such defect in the lower court, he waives it, and cannot raise the point for the first time in this court.—Moore v. Watts, 81 Ala. 261, 2 South. 278.  On April 4, 1914, Conn, the plaintiff in this case, as purchaser under the execution in the case of J. Pollock & Co. v. Danzey, moved in the circuit court for an amendment nunc pro tunc which would show that the judgment of October 28, 1908, had been rendered at the suit of a copartnership composed of J. Pollock and Leo Pollock, and on October 15, 1914, said motion was granted.  In the meantime, that is, on January 2, 1911, Danzey and wife for a valuable consideration "bargained, sold, and conveyed" the land in suit to the defendant Sellers.

[Conn v. Sellers.]

(2-4) If it be conceded that plaintiff had authority of law for his motion for a judgment nunc pro tunc, notwithstanding the courts at common law were not authorized to amend judgments after the close of the term at which they were rendered, and judgments are not therefore amendable at a subsequent term, except in pursuance of statutory provisions (*Whorley v. M. & C. R. R. Co.,* 72 Ala. 20), and notwithstanding the statute (section 4140 of the Code) provides only for the amendment of clerical errors or mistakes in final judgment "upon the application of either party," still, it results from the decisions to which we adverted in the first place that neither the judgment against Danzey, as it stood at the time plaintiff acquired his title, nor the certificate filed for registration with the judge of probate, showed "the names of all parties thereto" as required by section 4156 of the Code as a condition precedent to the acquisition of a lien under section 4157, and the rule of law in respect of the effect of nunc pro tunc proceedings is that a purchaser of real estate takes it charged with only such judgment liens as actually existed at the time of the purchase, and it is not competent for a court to fasten a lien upon the land of a third person by the rendition of a nunc pro tunc judgment against his grantor (1 Black on Judg. § 410), nor could the certificate registered with the judge of probate have been amended so as to affect plaintiff's previously acquired title.—*Ivy Coal & Coke Co. v. Alabama National Bank,* 123 Ala. 477, 26 South. 213. In holding that the certificate must, under the present statute, show the names of all the parties to the judgment, we follow the strict analogy of the decision in *Duncan v. Ashcraft,* 121 Ala. 552, 25 South. 735, where it was ruled that the statute was to be strictly construed in respect of the proceeding by which judgments were to be brought within its privileges, and that, in order to create and preserve a lien under the statute in its then form (Code 1896, § 1920), it was necessary that the certificate registered with the judge of probate should show the name of the owner of the judgment, as the statute then required.

It results from what has been said that the defendant (appellee) showed the better title without regard to the matter in dispute between the parties, and, upon the title thus shown, defendant would have been entitled to the general affirmative charge, and this conclusion obviates the necessity for consideration of those assignments of error based upon the trial court's

[H. Curjel & Co. v. Hallett Mfg. Co.]

ruling upon the evidence or the special charges requested by the parties.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.