(94 South. 295)

**TILSON v. GRAHAM et al.** (6 Div. 510.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. **Trial** ⬅142 — General affirmative charge with hypothesis not given when evidence shows reasonable inference adverse to requesting party's right to recover.

The general affirmative charge with hypothesis should not be given when there is evidence showing a reasonable inference adverse to the right of recovery by the party requesting it.

2. **Religious societies** ⬅31(2) — Trustees of church property may sue.

Persons legally elected, appointed, and qualified as trustees of a church, the constitution and by-laws of which make it the duty of the trustees "to hold the property in trust for the use and benefit of the church," may maintain a forcible entry and unlawful detainer suit for land on which the church building is located.

3. **Abatement and revival** ⬅84—Parties ⬅ 75(3)—No error in refusing affirmative charge and new trial for defects in plaintiff's right to sue not brought to court's attention until after verdict and judgment on merits.

Where no defect in the right of trustees of a church to sue in forcible entry and unlawful detainer was called to the court's attention by plea in abatement, demurrer, or otherwise, until after verdict and judgment, following trial on defendant's pleas to the merits, when such issue was first presented by motion for new trial on the ground there was no such legal entity as that for which plaintiffs sued and no evidence that they had been duly appointed trustees under Code 1907, § 6093 et seq., defendant waived such defect, and the court did not err in refusing his requests for the general affirmative charge with hypothesis and for new trial on such ground.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action of forcible entry and unlawful detainer by Naomi Graham and others, as trustees, against S. C. Tilson. From a judgment for plaintiffs, defendant appeals. Affirmed.

Fred Fite, of Birmingham, for appellant.

A civil action can be maintained only in the name of a person in law, an entity the law recognizes as capable of possessing and asserting a right of action. 30 Cyc. 21. An unincorporated religious society is without capacity to acquire or hold title to property. 128 Ala. 202, 30 South. 526, 55 L. R. A. 211; 85 Ala. 512, 5 South. 221.

Black & Harris, of Birmingham, for appellees.

Where a defendant goes to trial by pleading to the merits, without objecting to a want of capacity on the part of plaintiff to maintain suit, he thereby waives such objection. 198 Ala. 606, 73 South. 961; 81 Ala. 261, 2 South. 278; 23 Ala. 662; 1 Ala. 241, 34 Am. Dec. 773; 93 Ala. 350, 9 South. 870; 192 Ala. 576, 69 South. 4; 30 Cyc. 29. In an action of unlawful detainer, the only matter of investigation is the possession of the property. 200 Ala. 193, 75 South. 941; 96 Ala. 555.

MILLER, J. This is a forcible entry and unlawful detainer suit for one acre of ground on which is situated a church building. It was .commenced in a justice of the peace court by Mesdames Naomi Graham, Millie Minor, and Cora Wilson, "suing as trustees of Graham Chapel M. P. C.," against S. C. Tilson. There was judgment in favor of the defendant in the justice of the peace court. The plaintiffs appealed therefrom to the circuit court, and judgment was there rendered on verdict of a jury in favor of the plaintiffs, from which the defendant appeals to this court.

The case was tried in both courts on the merits. The defendant pleaded in the circuit court to the complaint, not guilty, and that the allegations therein are untrue.

After verdict under the issues on the merits. was rendered by the jury in favor of the plaintiffs and judgment thereon was entered by the court, the defendant filed motion for new trial, and insisted for the first time that the general affirmative charge with hypothesis, requested in writing by him, which was refused by the court, should have been given because there was no such legal entity. as "Graham Chapel M. P. C."; and that the verdict and judgment are void because there was. no such legal entity as "Graham Chapel M. P. C.," and because there was no evidence that plaintiffs had ever been duly or properly appointed trustees of "Graham Chapel M. P. C." The motion for new trial was overruled by the trial court, and this ruling is assigned as error.

There was evidence that plaintiffs were duly elected by the members of the Methodist Protestant Church at Graham Chapel as its trustees in 1914, and they have been its trustees continuously since that time. Sections 1 and 3 of the constitution and discipline of this Methodist Protestant Church provide:

"Section 1. Trustees shall be elected annually by the qualified members of the church, except where charters otherwise provide. It shall be the duty of the trustees to hold the

property in trust for the use and benefit of the church, and to fill any vacancies occasioned in the board by death, and resignation, or ceasing to be a member of the Methodist Protestant Church. And all trustees shall remain in office until their successors shall have been elected.

"Section 3. To take care of the church property of all kinds and the necessary funds to defray the expense incurred, in repair and improvement shall be collected by the board of trustees after having such expenses and collection announced from the pulpit."

[1] There was testimony, if believed by the jury, which would entitle the plaintiffs to recover; and this being the state of the evidence on the merits of the case, the general affirmative charge with hypothesis, requested by the defendant, was properly refused by the court. It should not be given when there is evidence showing a reasonable inference adverse to the right of recovery by the party requesting it. Bowen v. Hamilton, 197 Ala. 418, 73 South. 5; McMillan v. Aiken, 205 Ala. 35, h. n. 9-11, 88 South. 135.

The defendant insists this charge should have been given, and the motion for new trial granted, because affidavits were presented on the hearing of the motion for new trial showing there was no such corporation as "Graham Chapel M. P. C."; that the title to the lot was made by deed in August, 1901, to certain named persons as trustees of the Methodist Protestant Church at Graham Chapel; that plaintiffs were not the trustees named in the deed; and they had not been appointed trustees of the property under section 6093 et seq. of the Code of 1907.

In Ortez v. Jewett, 23 Ala. 662, the suit was brought in the name of a partnership and not in the names of the members of the firm; and the Christian names of the individuals composing the partnership were not mentioned in the complaint. The court held this was a defect which could be raised by plea in abatement, and if it appeared in the declaration it could have been reached by general demurrer; and if there was a judgment by default or by nil dicit, it could be raised by motion in arrest of judgment or assigned as error. The court declared also in that case:

"But if the opposite party neither pleads in abatement, nor demurs, but goes to trial on a plea to the action, he will be held to have waived the defect in the declaration."

This principle was approved by this court in Moore v. Watts, 81 Ala. 261, 2 South. 278, and Conn v. Sellers, 198 Ala. 606, h. n. 1, 73 South. 961; Prince v. Comm. Bk., 1 Ala. 241, 34 Am. Dec. 773.

[2] It is clear from the record that "Graham Chapel M. P. C." means Graham Chapel Methodist Protestant Church; the plaintiffs were elected by the members of that church as trustees of this church property; and as such trustees they bring this suit. They as such trustees, if legally elected, appointed, and qualified, would be entitled to maintain this suit. It was their duty as such trustees under the constitution and by-laws of the organization "to hold the property in trust for the use and benefit of the church."

[3] If a defect existed in the capacity of the plaintiffs as trustees to bring this suit, if they were not legally appointed, and not legally qualified, which is not necessary for us to decide, it was not raised by a plea in abatement nor by demurrer. The court tried the case on the pleas of defendant to the merits of the action. No alleged defect in their right to sue was called to the attention of the trial court until after a verdict by the jury and a judgment thereon by the court, and then by motion for new trial it was first presented to the trial court. This was too late. It had been waived by pleas of defendant to the merits and trial thereon by the court and jury. Under these circumstances, if a defect in the capacity of plaintiffs to sue existed, it was waived by defendant, and the court will not be put in error for refusing the general affirmative charge with hypothesis for defendant nor in refusing to grant the motion for a new trial. Conn v. Sellers, 198 Ala. 606, h. n. 1, 73 South. 961; Moore v. Watts, 81 Ala. 261, 2 South. 278; Ortez v. Jewett, 23 Ala. 662; Prince v. Commercial Bank, 1 Ala. 241, 34 Am. Dec. 773.

Finding no error in the record, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.