(107 So. 76)

DAVIS, Atty. Gen., ex rel. FIRST BAPTIST CHURCH, COLORED, OF MONTGOMERY v. STOKES et al. (3 Div. 734.)

(Supreme Court of Alabama. Jan. 21, 1926.)

1. Attorney General ⊝9—Attorney General held not proper party complainant to bill in equity to recover property alleged to belong to church.

Attorney General held not proper party complainant to bill in equity to recover property alleged to belong to church, since church is a body corporate, with power to institute suits in its own behalf, possess and convey real estate; and doctrine of parens patriæ not being recognized in this state.

2. Limitation of actions ⊝102(8)—Constructive trusts within operation of statute of limitations.

Constructive trusts are within operation of statute of limitations.

3. Limitation of actions ⊝177(2)—Complainant in suit to recover property alleged to belong to church had burden of avoiding bar of statute of limitations.

In suit to recover property alleged to belong to church, where bar of statute of limitations was complete before bill was filed, complainant had burden of averring facts sufficient to take case out of operation of statute.

4. Limitation of actions ⊝179(2)—Bill in equity, to recover property alleged to belong to church, held insufficient to avoid bar of statute of limitations.

Bill to recover property alleged to belong to church held insufficient to avoid bar of statute of limitations, where no fraud was averred in decedent's acquisition of property, deeds were of record, decedent in possession, and church authorities apparently knew facts and dealt with decedent accordingly.

5. Limitation of actions ⊝11(1)—Bill to recover church property held not without bar of statute of limitations on ground charitable trust was involved and public interested.

Bill in equity, to recover property alleged to belong to church, held not without bar of statute of limitations, on ground that charitable trust was involved, and that state was interested therein, since church property is private property, and doctrine of parens patriae does not obtain in state.

6. Cancellation of instruments ⊝37(5) — Bill to cancel deed held insufficient, where no allegation made that grantor or grantee asserted any claim to property.

Bill in equity to cancel deed to part of property alleged to belong to church held insufficient, where it was not alleged that either grantor or grantee asserted any claim to property.

7. Quieting title ⊝7(2)—Mere execution of deed by strangers to title does not constitute cloud thereon.

Mere execution of deed by strangers to title does not constitute a cloud thereon.

8. Equity ⊝136—Bill for recovery of known definite sum held insufficient, where necessity for discovery or accounting not alleged.

Bill in equity to recover a known definite sum held insufficient, where necessity for discovery or accounting was not alleged, and no reason suggested why a complete and adequate recovery might not be had at law; Code 1923, § 10427, being unavailable.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill in equity by Harwell G. Davis, Attorney General, by the First Baptist Church, Colored, of Montgomery, against Hugo B. Stokes and another, individually and as executors of the estate of A. J. Stokes, deceased. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

T. E. Martin, H. B. Fuller, and Rushton, Crenshaw & Rushton, all of Montgomery, for appellant.

The Attorney General is a proper party in any action involving the proper administration of a trust in which the public is interested. 6 C. J. 814; Atty. Gen. v. Garrison, 101 Mass. 223; Trustees, etc., v. Wilson, 78 N. J. Eq. 1, 78 A. 393; Newberry v. Blatchford, 106 Ill. 584; N. W. University v. Wesley Hospital, 290 Ill. 205, 125 N. E. 13; In re Estate of Creighton, 91 Neb. 654, 136 N. W. 1001, Ann. Cas. 1913D, 128; Jackson v. Phillips, 14 Allen (Mass.) 539. The church and the Attorney General are proper parties; there was no misjoinder. Code 1923, § 5701; Bestor v. Barker, 106 Ala. 240, 17 So. 389; Michan v. Wyatt, 21 Ala. 813. In cases where the state, or a subdivision of the state, holds property in trust for the public, the statutes of limitation do not apply, unless ex-

pressly so declared. Property of a corporation organized for charitable purposes is exclusively dedicated to public uses. The corporation is a trustee, and a charitable trust contemplates perpetuity. Webb v. Demopolis, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62; Crane Co. v. State, 206 Ala. 393, 90 So. 871; Fordyce v. Woman's C. L. Ass'n, 79 Ark. 561, 96 S. W. 155, 7 L. R. A. (N. S.) 485; Girard v. Philadelphia, 7 Wall. 15, 19 L. Ed. 53; Moseley v. Smiley, 171 Ala. 593, 55 So. 143; Cox v. Board of Trustees, 161 Ala. 650, 49 So. 814; Ware v. Greene, 37 Ala. 494. The court of equity has jurisdiction in the matter of recovery of the sum sought in the sixth paragraph of the bill. Code 1923, §§ 10427, 10428.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellees.

The Attorney General is not a proper party complainant. Tilson v. Graham, 208 Ala. 312, 94 So. 295; Gewin v. Mt. Pilgrim Church, 166 Ala. 348, 51 So. 947, 139 Am. St. Rep. 41; Blount v. Church, 206 Ala. 423, 90 So. 602; Williams v. Pearson, 38 Ala. 299; 11 C. J. 367; 2 R. C. L. 922; Code 1923, §§ 853, 854, 7015, 7169. The complainant is barred by the statute, by laches, and by the doctrine of repose. Code 1923, §§ 6522, 8939, 8941, 8943, 8960; Barclay v. Smith, 66 Ala. 232; Echols v. Hubbard, 90 Ala. 315, 7 So. 817; Foster v. State, 88 Ala. 182; Mewburn's Heirs v. Bass, 82 Ala. 622, 2 So. 520; M. & C. P. v. Talman, 15 Ala. 472; Crane Co. v. State, 18 Ala. App. 291, 90 So. 873; Id., 206 Ala. 393, 90 So. 871; Am. Bond. Co. v. Fourth Nat. Bank, 206 Ala. 639, 91 So. 480; Peters Min. Land Co. v. Hooper, 208 Ala. 324, 94 So. 606; Salmon v. Wynn, 153 Ala. 545, 45 So. 133, 15 Ann. Cas. 478; Gayle v. Pennington, 185 Ala. 69, 64 So. 572; Roach v. Cox, 160 Ala. 428, 49 So. 578, 135 Am. St. Rep. 107; Scott v. Scott, 202 Ala. 245, 80 So. 82. A deed executed by a stranger to the title does not constitute a cloud thereon. 32 Cyc. 1317; Rea v. Longstreet, 54 Ala. 294.

GARDNER, J. This bill is filed on behalf of the First Baptist Church, Colored, of Montgomery, Ala., against the heirs and legatees of A. J. Stokes, deceased, who for many years was pastor of said church, seeking to divest them of title to certain real estate and an accounting for the rents and profits thereof, and also a recovery of $2,750, alleged to have been due the church by said Stokes since January, 1923, when he obtained said sum from the church.

The original bill made the Attorney General of the state a party complainant, but, upon demurrer being sustained, he was stricken by complainant on amendment of the bill. The demurrer to the bill as amended being sustained, plaintiff prosecutes this appeal for a review of the rulings of the court in these respects.

[1] The real estate here in question was purchased for church purposes, and the Attorney General was made a party upon the theory that, for the protection of charitable trusts, the state is interested, and will, through its chief prosecuting officer, obtain the interposition of a court of equity. The authorities so holding, however, rest such decision upon the doctrine of parens partriæ respecting charitable trusts. Jackson v. Phillips, 14 Allen (Mass.) 539, 579, and authorities noted in Ewell v. Sneed, 136 Tenn. 602, 191 S. W. 131, 5 A. L. R. 303. But this doctrine is not recognized in this state. Williams v. Pearson, 38 Ala. 299. No such duties rest upon the Attorney General. The following language of the Tennessee court in Ewell v. Sneed, supra, is applicable here:

"No functionary has been intrusted with the authority and duties of parens patriae respecting charitable trusts. This power still inheres in the sovereign people."

The church is a body corporate with power to institute suits in its own behalf, possess and convey real estate. The interposition of the Attorney General in such litigation has not heretofore been deemed necessary or proper. Tilson v. Graham, 208 Ala. 312, 94 So. 295; Gewin v. Mt. Pilgrim Baptist Church, 166 Ala. 348, 51 So. 947, 139 Am. St. Rep. 41; Blount v. Sixteenth St. Baptist Church, 206 Ala. 423, 90 So. 602. Moreover, the property of this church is not held for the entire public, but for a limited portion of the public, and it may be seriously questioned that even in those jurisdictions admitting the doctrine contended for by complainant that the present case would be brought within its influence (11 Corpus Juris, p. 367), but this need not be here determined. We are of the opinion the Attorney General was not a proper party, and the demurrer taking the point was correctly sustained.

[2] The deed which forms the foundation of the equity of the bill as to the real estate, was executed in 1901; it being alleged that the property therein described was purchased by Stokes with funds of the church, taking the title in his own name rather than in the name of the church. There were other deeds executed and certain exchanges made between Stokes and the church in 1907, and some as late as 1910; but the original fraudulent conduct in acquiring the deed of 1901 forms a foundation for the subsequent conveyances. Under the averments of the bill, Stokes held the property thus acquired as a trustee in invitum, and constituted him a trustee of a constructive trust. It is well recognized that constructive trusts are within the operation of the statute of limitations. Am. Bonding Co. v. Fourth National Bank, 205 Ala. 652, 88 So. 838; Peters Min. Land Co. v. Hooper, 208 Ala. 324, 94 So. 606.

[3] The bill shows that the deeds were duly recorded soon after their execution, and

that Stokes remained in possession of the property, and that the bar of the statute of limitations of 10 years was complete some years before this bill was filed. It was therefore incumbent upon complainant to aver sufficient facts and circumstances which would bring the case from without the operation of the statute of limitations. Am. Bonding Co. v. Fourth National Bank, supra.

[4] We are of the opinion the averments of the bill are insufficient in this respect. There are no averments of fraud or fraudulent concealment of any facts on the part of Stokes as to the acquisition of this property. Not only were the deeds of record and Stokes in possession, but the church authorities from subsequent dealings appear to have known thereof and dealt with Stokes accordingly. The case of Peters Min. Land Co. v. Hooper, supra, sustains the conclusion of the insufficiency of the averments of the bill to bring the case from without the operation of the statute of limitations.

[5] Indeed, the argument of counsel for appellant is rested largely upon the theory that a charitable trust was involved, and the interest of the state therein and of the public would relieve the case from the statute, citing, among other authorities, Cox v. Board of Trustees of the University, 161 Ala. 655, 49 So. 814; Webb v. City of Demopolis, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62.

What has been said in regard to the contention that the Attorney General is a proper party suffices in part also as an answer to this insistence. We are in accord with the following language of the Supreme Court of Maine in the case of Thompson v. Bowes, 115 Me. 6, 97 A. 1, 1 A. L. R. 1365:

"Church property is private property as distinguished from the property of the state or of a municipality, which is public property. Property held for pious or charitable uses, not for the whole public, but for a limited portion of the public, is private property, and, as such, we have no doubt is subject to the application of the doctrine of prescriptive easements."

[6, 7] The deed sought to be canceled in the seventh paragraph of the bill is one from Hugo Stokes to Lou Rosa Stokes, wherein a portion of the lot on which the church building stands was included in the description. It is not alleged that either the grantor or grantee assert any claim to this particular property. As strangers to the title thereto, the mere execution of the deed would not constitute a cloud on that property. "A deed executed by a mere stranger to the title does not constitute a cloud thereon." 32 Cyc. p. 1317; Rea v. Longstreet, 54 Ala. 294.

[8] The recovery of the sum sought in the sixth paragraph is unrelated to the other averments. The allegations are to the effect that the church borrowed the sum of $3,000 from one Barganier, securing the same with a mortgage, for the purpose of making improvements on the church; that Stokes soon thereafter, on or about January 24, 1923, in some way obtained possession of $2,750 of said money, kept possession thereof, and has never expended any portion thereof for church improvements. No discovery is necessary, nor accounting, but simply a recovery of a known definite sum. No reason is suggested by the bill why a complete and adequate remedy for the recovery of this sum may not be had at law. This aspect of the bill is likewise insufficient, as is demonstrated by the following authorities. Knotts v. Tarver, 8 Ala. 743; Hall v. McKeller, 155 Ala. 508, 46 So. 460; Crowson v. Cody, 207 Ala. 476, 93 So. 420.

It has never been considered that sections 10427, 10428, Code of 1923, were intended to affect this rule in cases of this character, and such clearly was not their purpose.

It results that in our opinion the demurrer to the bill was properly sustained, and the decree of the chancellor will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.