## GARDNER vs. RANDOLPH.

1. The defendant in an action for a malicious prosecution may prove, as evi-
dence of probable cause, what he swore before the committing magistrate,
whether the facts sworn to were peculiarly within his knowledge or not.
2. And as the wife is not a competent witness for her husband, the same rule
will apply, in such case, to testimony given by her on the preliminary ex-
amination.

ERROR to the Circuit Court of Fayette.  Tried before the
Hon. Sam'l Chapman.

THE defendant brought an action against the plaintiff in error
for a malicious prosecution.  The plaintiff offered to prove
what his wife had testified to before the magistrate, by whom
the charge was investigated.  The court rejected the testimony,
which is the error now assigned.

COGGIN, for the plaintiff in error: The evidence offered by
the plaintiff in error was improperly rejected.  It would have
been competent to show what she proved on the trial, before

the committing magistrate.—1 Phil. on Ev. 71, and cases there cited ; 1 ib. 230-436-37-38; 2 Stew. & Port. 151.

PECK, for the defendant: The evidence offered was properly rejected. Its admission is not warranted by any general rule of the law of evidence, and I have been unable to find any exception under which it could have been received.—2 Greenl. Ev., § 457; 1 ib., §§ 342, 343, 344.

CHILTON, J.—The question presented by the record in this case, is, whether in an action for malicious prosecution against the husband, he may be allowed to prove what his wife swore before the examining magistrate, who committed the plaintiff, on the trial for such commitment.

It was early decided by our predecessors, that the husband could prove, as evidence of probable cause, what he had sworn upon the prosecution.—McMakin v. Armstrong, 2 Stew. & Port. 151. In that case, as in this, the offer was to prove what the party had sworn, without restricting the proof as to facts which came peculiarly within his knowledge; and this general proposal being refused by the court, this court reversed the judgment for that reason. Were we called upon, for the first time, to decide the question, some of us are of opinion, that the admission of such testimony should be restricted to facts which were peculiarly within the party's own knowledge, but as a different rule was established by the decision above refered to, and we do not see that any particular inconvenience or injustice can result from it, we are disposed to adhere to it, especially since it has so long been acquiesced in without being questioned.

The same principle, which allows the defendant in such actions to prove what he testified upon the former trial, applies, it seems to us, with equal force to the testimony of the wife. She may have been the only witness for the State upon the prosecution, and yet she is incompetent to testify for her husband, when sued for instituting it. There seems to be a great dearth of authority on this point. Indeed, we have been able to find but one case, where the point was directly decided.—Johnson v. Browning, 6 Mod. Rep. 216, per Holt, C. J., who allowed what the wife swore upon the trial of the indictment to be proved, on the trial of the action against her husband. This case is

cited with approbation by Mr. Greenleaf, vol. 1, § 352, n. 2, and by Mr. Phillips, vol. 1, p. 71. We think, as the court refused to allow her *evidence*, given on the former trial, to be proved upon this, but rejected it *in limine*, it was an error, for which the judgment must be reversed and the cause remanded.