## LONG, Adm'r, *vs.* DAVIS.

1. The deposition of a witness, taken in a former suit, is admissible in evidence, after his removal from the State, in a subsequent suit between the same parties or their privies, touching the same subject matter, although the issues involved in the two suits may not be identical.
2. Proof of a parol contemporaneous agreement is admissible to show the consideration of a note, but not to vary its legal effect.

ERROR to the Circuit Court of Madison. Tried before the Hon. L. P. Walker.

E. J. JONES, for the plaintiff in error.

ROBINSON, for the defendant.

CHILTON, J.—The plaintiff in error as administrator of Charleton Thompson, deceased, brought his action in the Circuit Court of Madison against the defendant, to recover the amount of a promissory note made by the defendant and one P. E. Watson, payable to the plaintiff's intestate, three months after the date thereof, for the sum of seven hundred and fifty dollars. The common indebitatus counts are added in the declaration. Verdict and judgment for defendant.

Upon the trial of the cause, the defendant was allowed to read in evidence the deposition of one Thomas W. Gilchrist, taken in a former suit, which had been instituted in the Circuit Court of Limestone county upon the same note, now sued on, in the name of Charleton Thompson for the use of Nimrod W. Long, against the present defendant. It appears that the only issue in that suit was upon a plea in abatement, avering the death of the nominal plaintiff before the institution of said suit, and that said cause went off on that issue, which was found in favor of the defendant. The plaintiff excepted to the admission of the deposition, and insists in this court that it was illegal, first, because the parties are not the same. We do not think this objection can be sustained. The rule which allows such testimony is not restricted to the party in the former cause, but it is admissible as against those who are privy to him, especially against his personal representative.—2 Phil. Ev., (C. & H. notes,) 754, n. 438, and cases cited; Clealand v. Huey, June Term, 1850. Secondly, the point in issue, it is said, is not the same in this and the former cause. It is sufficient to say, in answer to this objection, that the subject matter of the two suits is the same, the same note being the foundation of both actions, which were brought to recover upon it, and that under our statute, it was competent for either party even before issue joined in the cause, to take the deposition. It is clear, that the defendant, upon the formation of an issue upon the merits in the first cause after taking this deposition, could have used it.—

Clay's Dig. 164, §§ 2, 3. The party had the right to cross examine and an opportunity offered him of doing so, of which he failed to avail himself. Under these circumstances, as influenced by our statute authorising such deposition to be taken, we think this objection cannot prevail. Thirdly, the witness had left this State since giving his testimony, and had gone to Tennessee, but there was no proof that the defendant had used any exertion to find him, or to procure his testimony, and this, it is urged, should have excluded the deposition. There is much contrariety of decision upon this point. In New York, Massachusetts, Virginia, and some of the other States, the rule is laid down with great strictness, and they refuse to recognise the excuse of absence beyond the jurisdiction of the court as sufficient to let in the proof of what he swore on a former trial.—See cases collated in 2 Phil. Ev., (C. & H ) 576, note 441. But perhaps a majority of the States hold a contrary doctrine, and the annotators upon Phil. Ev., vol. 2, p. 578, seem to think the cases which allow of the excuse less anomalous and more scientific than the narrower decisions. Mr. Greenleaf says, generally, in his text, that such proof is received " if the witness, though not dead, is out of the jurisdiction, or cannot be found after diligent search, is insane, is sick and unable to testify, or has been summoned and is kept away by the opposite party."— 1 Greenl. § 163. As to the admissibility of such depositions generally, see The Heirs of Holman v. The Bank of Norfolk, 12 Ala. Rep. 408. In our opinion the deposition in this case was properly admitted. We think the more liberal doctrine, which allows a permanent absence from the jurisdiction as an excuse, is more consonant with legal analogies, and is sustained by the preponderance of authority.

2. We are informed by the bill of exceptions that the evidence was contradictory, as to whether the consideration of the note was confined exclusively to the services of the payee as an attorney at law, to be rendered in the Circuit Court, should the party there be indicted, or whether the note was given for his general services in the case. The proof was that no trial was had in the Circuit Court, but that the payee had sued out a writ of *habeas corpus* and had procured, in this way, the enlargement of Davis on bail. It was further proved to have been the understanding between the parties at the time the note was given, that

if Davis should not be prosecuted before the Circuit Court, and there should be no necessity for any defence to be made before that tribunal, then he should not pay this note. The court charged the jury that if they believed there was a parol understanding between the parties, at the time the note was given, that it was not to be paid unless the said Davis was prosecuted before the Circuit Court, and defended by Thompson, and if they further believed that he was never prosecuted and defended before that court, the plaintiff could not recover upon the note.

It was a question peculiarly for the jury to determine, whether this note was given in consideration of all the services which Thompson was to render in the matter of the charge against the defendant, or whether the service to be rendered in the Circuit Court, should an indictment be found, was the sole consideration. As proof of the latter hypothesis, the contemporaneous parol understanding was admissible in evidence. If the note was given in consideration of the general retainer of the payee, as an attorney, to defend the prosecution and to conduct the preliminary proceedings, such as discharging the defendant upon *habeas corpus*, &c., then the payee would be entitled to recover upon the note in the proportion that the service rendered bore to the service contemplated as the entire consideration. The legal effect of the note is to create a liability on the defendant to pay the amount therein specified, less the proportionate value of the services, never performed, because no prosecution was had in the Circuit Court against him. But the charge of the court does not restrain the parol agreement to its only legitimate office, of explaining the consideration; it allows it to destroy the binding efficacy of the written contract by varying its effect. The effect of the writing is that the plaintiff may recover to the extent of the services actually performed, though there be a partial failure of consideration, but the court makes the parol agreement deprive the writing of this legal effect, and allows it to introduce a different stipulation, namely, that the party rendering the service shall not recover for the service performed, except upon condition that Davis is prosecuted in the Circuit Court and defended in that court by Thompson. We think, therefore, that the effect of the charge was to withdraw from the jury the question, whether the service which was rendered formed a part of the consideration of this note. If such was the fact, the plaintiff

was entitled to recover upon the note to the extent of the service which he rendered, and the legal effect of the note securing to him this right could not be varied by the cotemporaneous parol understanding between the parties.—See Litchfield, use, &c. v. Falconer, 2 Ala. 280, and the numerous cases there cited. We deem it unnecessary to notice the other points raised in the argument, as it is not probable that they will again arise upon a subsequent trial.

Let the decree be reversed and the cause remanded.

PARSONS, J., not sitting.