# Williams & Brown *v.* Hurley & Blackburn,

## *Action of Assumpsit.*

1. *Pleading and practice; when suit against partnership and not the individual members thereof.*—In a suit where the defendant is described in the caption of the complaint as W. & B., "a firm composed of W. & B.," giving their christian names, "defendants," and there is nothing in the body of the complaint to show that the members of the firm were sued as individuals, such suit is against the partnership alone, and not against the individuals composing the partnership.

2. *Suit against partnership; judgment against the individual members erroneous.*—Where, in a suit, the complaint counts against the partnership alone and not against the individuals composing the partnership, a judgment rendered in such suit against the individual members of the partnership is erroneous, and can not be sustained.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

B. M. ALLEN, for appellant.

STERLING A. WOOD, *contra*.

McCLELLAN, C. J.—The following is the complaint in this case:

"Hurley and Blackmon, a firm composed of Chas. D. Hurley and Benjamin E. Blackmon, Plaintiffs,

v.

Williams and Brown, a firm composed of Dote M. Williams and Morgan L. Brown, Defendants.

"The plaintiff claims of the defendant the sum of seventy and 35-100 dollars due by contract for work and labor made by defendant on to-wit the 1st day of October, 1901, and payable on to-wit: the 2nd day of October, 1901, with interest." This complaint was filed in a justice of the peace court where there was a trial resulting in a "judgment in favor of plaintiff and against defendant in the sum of $50.30 and costs of suit." From this judgment the defendant, the firm of Williams and Brown, took an appeal to the circuit court. The only complaint filed in that court was that copied above, which was sent up by the justice. In the circuit court on January 8th, 1902, the following judgment was entered:

"Hurley and Blackburn, a firm composed of Chas. D. Hurley, and Benjamin E. Blackburn,

v.

Williams and Brown, a firm composed of Dote M. Williams and Morgan L. Brown.

"On this the 8th day of January, 1902, came the plaintiffs by their attorney and the defendants being solemnly called came not, but made default. And no pleas being filed, it is, therefore, considered and adjudged by the court that the plaintiff ought to recover, but not being advised as to the just amount of damages sustained the

court proceeds to hear the evidence without the intervention of a jury according to law, and after hearing the same and argument of counsel, rendered judgment in favor of the plaintiff for seventy and 35-100 dollars. It is, therefore, considered and adjudged by the court that the plaintiffs have and recover of the defendants, and J. J. Odom, and A. J. Hall, sureties on said appeal bond, the said sum of seventy and 35-100 dollars so assessed as aforesaid, together with all the costs in this behalf expended for which execution may issue. And against this judgment and the execution to be issued thereon there is no exemption to personal property of the defendants and said sureties." From this judgment the present appeal is prosecuted.

It is perfectly clear that the action is against the *firm* of Williams & Brown: the complaint counts against the partnership alone and not against the individuals composing the partnership. The statement of the names of the members of the firm is mere description of the personnel of the entity which alone is sued.—*Baldridge et al. v. Eason*, 99 Ala. 516. It also seems clear to us that the judgment by default rendered in the circuit court is not a judgment against the party sued, the firm, but is a judgment against the individuals composing the firm, and who are not sued. We suppose that this came about in some way through the fact that these individuals executed the appeal bond as individuals and not in their firm name at all; the bond being signed by D. M. Williams and M. L. Brown, and by J. J. Odom and A. J. Hall as sureties. But the appeal bond cannot take the place of a complaint, so as to authorize the rendition of a judgment against the parties not sued. If it be assumed that D. M. Williams and M. L. Brown are sureties of the firm of Williams & Brown, the defendant, the recital and manifest intent of the bond to the contrary notwithstanding, still it was erroneous to render judgment against them and the other sureties without a judgment against the defendant. The judgment itself, however, demonstrates that it was not intended to be and

21c

[Sands, Adm'r. v. Hickey et al.]

was not in fact rendered against Williams and Brown in their individual capacities as sureties.

The judgment must be reversed and the cause will be remanded.