# Hatcher *v.* Branch, Powell & Co.

## *Action upon Promissory Notes.*

1. *Pleading and practice; sufficient designation of individual part-ners in complaint.*—In a suit by a partnership, a complaint in which the plaintiff is designated as "Branch, Powell & Co., a co-partnership composed of E. C. Branch, B. P. Powell and R. H. Powell," such designation is sufficient to authorize the maintenance of a suit.

2. *Action upon promissory note; sufficiency of plea.*—In an action upon promissory notes, a plea is insufficient and subject to demurrer which avers "That before this suit was brought, he notified the plaintiff that he demanded a cancellation of the insurance policy, for which the notes sued on were given, and notified plaintiffs that he would not further abide by said policy of insurance. That this was done in January or Feb-ruary in the present year. That before this suit was brought, defendant returned to plaintiffs the said policy of insurance, which was the sole consideration of said notes sued on, and that plaintiffs accepted the same. Wherefore defendant saith, that the consideration of said notes has failed, and that he is not indebted to plaintiff in the manner and form set forth in said complaint."

3. *Pleading and practice; rulings on motion to strike, not reviewed unless shown by bill of exceptions.*—The rulings of a trial court upon motions to strike from the file certain special

[Hatcher v. Branch, Powell & Co.]

pleas, will not be reviewed on appeal unless such motions and the rulings thereon are presented and shown by the bill of exceptions.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon JOHN G. WINTER.

This was an action brought by the appellees, Branch, Powell & Co., against the appellant, to recover the amount alleged to be due upon two promissory notes. In the complaint the plaintiff was described as follows: "Branch, Powell & Co., a copartnership, composed of E. C. Branch, B. P. Powell and R. H. Powell." The defendant demurred to the complaint upon the ground that it shows on its face that it is an action by a partnership, and there is no authority in law for a partnership as such to bring an action at law. This demurrer was overruled. Thereupon the defendant pleaded the general issue, and the following special plea: "2. That before this suit was brought, he notified the complainants that he demanded a cancellation of the insurance policy, for which the notes sued on were given, and notified plaintiffs that he would not further abide by said policy of insurance. That this was done in January or February in the present year. That before this suit was brought, defendant returned to plaintiffs the said policy of insurance, which was the sole consideration of said notes sued on, and that plaintiffs accepted the same. Wherefore defendant saith, that the consideration of said notes have failed and that he is not indebted to plaintiff in the manner and form set forth in said complaint." The plaintiff demurred to the special plea No. 2 upon the following grounds: 1. Said plea does not aver that plaintiffs acquiesced in or agreed to the demand of the defendant for the cancellation of the policy of insurance referred to. 2. It does not appear from said plea that the alleged cancellation of said policy relieved the defendant from the payment of the note sued on. 3. It does not appear from said plea that the defendant had the right to demand the cancellation of said policy of insurance. 4. It does not appear from said plea that said notes were cancelled. 5. It appears

from said plea that said policy of insurance was in force from the time it issued until the time of the alleged surrender thereof. 6. The fact that defendant notified plaintiffs that he would not further abide by the policy of insurance did not relieve him from the payment of the premium which had accrued up to the time of said notification. This demurrer was sustained. The defendant also pleaded several other special pleas, which the judgment entry recites were stricken from the file; but neither the motion nor the rulings thereon appear anywhere in the bill of exceptions. On the trial of the case it was shown that the notes sued on were given by the defendant in payment of a premium due upon a life insurance policy, issued by a life insurance company, of which the plaintiffs were at the time of the suit, the agents. The notes were made payable to "A. A. Walker, General Agent," and had been transferred by him to the plaintiffs, and it was shown that said notes had not been paid. The notes sued on were made payable on February 1st and May 1st, 1903, respectively. The defendant as a witness in his own behalf, testified that in January or February, 1903, he notified the plaintiffs that he was not able to carry his life insurance policy longer, and that he desired at once to deliver up and cancel the policy; that thereupon one of the plaintiffs told the defendant that he could carry on said policy, and that nothing else was said by defendant with regard to the cancellation of said policy until on July 5th, when the defendant, through his attorney, returned said policy to the plaintiffs.

In rebuttal, one of the plaintiffs testified that they received the policy on July 20, 1903, and that it was cancelled that date, but that said policy would have expired by its own terms on August 1, 1903.

The cause was tried by the court without the intervention of a jury, and upon hearing all the evidence, the court rendered judgment in favor of the plaintiffs. The defendant appeals and assigns as error the rulings of the court upon the pleadings and in striking special pleas from the file, and the rendition of the judgment for the plaintiffs.

CHARLES P. JONES, for appellant.—The complaint was by a partnership as such, and there is no authority in law for such a suit to be so brought.—*Simmons v. Titche,* 102 Ala. 317.

THOMAS W. MARTIN, *contra.*—The description of the plaintiffs in the suit was sufficient, and the complaint was not subject to demurrer.—*Foreman v. Weil Bros.,* 98 Ala. 496; *Snow v. Ray,* 2 Ala. 344; *Stockdale v. Riddle,* 22 Ala. 678; *Ortez v. Jewitt,* 23 Ala. 662; *Sims v. Jacobson* 51 Ala. 186.

The 2d special plea was subject to demurrer.—16 A. & E. Ency. of Law, (2d ed.) 870; *Mylin v. King,* 35 So. Rep. 998.

DOWDELL, J.—While the suit appears to have been brought in the name of the partnership as plaintiff, still the individual names of the partners composing the firm were set out in the complaint. On the authority of *Foreman v. Weil Bros.,* 98 Ala. 496, the trial court properly overruled the demurrer to the complaint on the ground that the suit was brought in the name of the partnership. The case of *Simmons v. Titche,* 102 Ala. 317, cited by council for appellant, is unlike the case at bar, and that of *Foreman v. Weil Bros., supra,* in that in the former case, the suit was brought in the firm name, and the names of the individuals composing the partnership nowhere appeared. There were other grounds of demurrer to the complaint, but the same are not insisted on in argument; moreover, we fail to see any merit in them.

The second assignment of error is, that the court erred in sustaining the plaintiff's demurrer to the second plea. There were a number of grounds of demurrer assigned, but it is unnecessary to notice all, since if any one was good, the demurrer was properly sustained.

The contract of insurance for which the plea alleges the notes were given, is not set out in the record. It is not alleged that the notes were given for the premium on the policy, but for the policy of insurance. The plea does not show that the plaintiffs agreed to the cancella-

tion of the policy of insurance, nor does it show that the defendant had a right to demand a cancellation of the same. "The right of either party to a valid contract of insurance, to cancel it at pleasure can accrue only in three ways: 1st, by a concurrent agreement with the other party; 2d, by a previous reservation of the right in the conditions of the policy itself; 3d, by a provision in the State insurance law permitting it."—16 Am. & Eng. Ency. Law (2d ed.) p. 870. The plea failed to meet any one of these conditions. If it should be conceded that the defendant did return the policy, and that it was accepted by the plaintiff, the date of the return and acceptance is not averred, further than that it was before the commencement of the suit. It is not averred that the return of the policy was accepted in extinguishment of the notes sued on. For aught there appears from the plea, the term of the policy covered by the notes had expired and the policy had lapsed. In any event it would seem that the defendant would be liable for the portion of the premium earned up to the date of the return and acceptance of the policy, in the absence of any contract or agreement averred. We think the court below committed no error in sustaining the demurrer to the plea.

The 3d, 4th and 5th assignments of error are directed to rulings of the trial court on motions to strike certain mentioned pleadings. Such questions can be considered by this court on appeal only when properly presented by the bill of exceptions. In this case neither the motion to strike, nor the action of the court thereon, is shown by the bill of exceptions. The bill is wholly silent on the subject, and the matters assigned in this respect cannot therefore be reviewed.—*Bessemer Liquor Co. v. Tillman,* (Ala.) 36 So. Rep. 40; *Central of Ga. Ry. v. Joseph,* 125 Ala. 313; *Holly v. Coffee,* 123 Ala. 406; *Spraggins v. State,* (Ala.) 35 So. Rep. 1009.

There is no error in the record, and the judgment will, therefore, be affirmed.

Affirmed.

McClellan, C. J. Haralson and Denson, *JJ.*, concurring.