(78 South. 812)

E. E. YARBROUGH TURPENTINE CO. v. TAYLOR. (3 Div. 317.)

(Supreme Court of Alabama. April 18, 1918. On Rehearing, May 30, 1918.)

1. EVIDENCE ☞575—TESTIMONY AT FORMER TRIAL.

In action for damages for wrongful injunction suit, evidence, oral or depositions, given in the injunction suit, is not admissible, where it is not shown that the witnesses cannot be produced to testify ore tenus.

2. APPEAL AND ERROR ☞216(2)—PRESERVATION OF GROUND OF REVIEW—INSTRUCTIONS.

If the use of the expression "malicious motive" in a charge was misleading to jurors not accustomed to legal terms, a party cannot complain, where he requested no explanatory charge.

3. HUSBAND AND WIFE ☞102 — TORT — KNOWLEDGE OF HUSBAND.

Conceding that a wife was charged with her husband's knowledge of the baselessness of her injunction suit, and that from such knowledge on her part malice might be inferred, yet she was responsible only for her own malice, unless the husband was prosecuting the suit as her agent.

4. APPEAL AND ERROR ☞882(8)—INVITED ERROR—EVIDENCE.

In action for damages for wrongful injunction against operating a plant on certain land, where plaintiff introduced evidence as to the terms of a lease when executed and its unchanged condition at the time of the trial, he cannot complain that defendant was allowed to introduce evidence to show that the lease had been fraudulently altered, even though such question had been concluded adversely to defendant in the injunction suit.

5. PARTNERSHIP ☞212 — PARTIES — SUFFICIENCY OF DESCRIPTION.

Although a summons ran in the name of a partnership as plaintiff, a description in the complaint describing the partnership as composed of certain persons was sufficient to show that the individuals named were the real plaintiffs.

6. ESTOPPEL ☞68(4) — GROUNDS — CLAIM IN JUDICIAL PROCEEDING.

Where bill for injunction was against E. E. Y. Turpentine Company and E. E. Y., and the final decree was rendered against them both, the company being a partnership of which E. E. Y. was a member, and the writ was served only on E. E. Y., and in obedience thereto business of the company was suspended, the plaintiff in such suit is estopped in an action for damages for wrongful injunction from saying the company was not enjoined.

7. PARTNERSHIP ☞216(3)—VARIANCE.

Under an allegation by plaintiff, a partnership, that "plaintiff had by assignment a lease given by defendant," proof that the lease had been assigned only to E. E. Y., a partner, was not a fatal variance; the partnership being in fact the beneficial owner.

On Rehearing.

8. PARTNERSHIP ☞219(1)—SUITS AGAINST—PARTIES—PLEADING.

In suits against partnerships, judgment cannot be rendered against the individuals, although their names are set out in the complaint; it being necessary to make them defendants and to serve each with process.

Appeal from Circuit Court, Autauga County; Leon McCord, Judge.

Action by the E. E. Yarbrough Turpentine Company against Alice V. Taylor for damages for the institution and prosecution of an injunction suit. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, 198 Ala. 202, 73 South. 458.

Defendant, Mrs. Taylor, filed her bill in equity against E. E. Yarbrough and the Yarbrough Turpentine Company to enjoin them and their agents from entering upon certain lands (to which they claimed to have a lease from complainant) and operating a turpentine business thereon. The bill alleged that said E. E. Yarbrough Turpentine Company was a partnership composed of E. E. Yarbrough and others, whose names and places of residence are unknown to complainant, or the same may be a trade name under which said E. E. Yarbrough is conducting the business; that the lease under which respondents claim was made originally to a third party who assigned it to E. E. Yarbrough, or to E. E. Yarbrough Turpentine Company; and that said E. E. Yarbrough and E. E. Yarbrough

Turpentine Company, after the expiration of the term of said lease, have continued to carry on said business of turpentining on said land. The prayer was for an injunction restraining and enjoining said E. E. Yarbrough and the said turpentine company, their agents, employés, and servants from doing the acts in question. The writ of injunction was issued accordingly, and it was executed by service on E. E. Yarbrough. The answer admitted the allegations of the first paragraph as to the description of the respondents, but denied the termination of the lease. After final hearing the bill of complaint was dismissed in the Supreme Court, and the present suit is brought against Mrs. Taylor for the malicious prosecution of such chancery suit. Against plaintiff's objection that they were illegal, irrelevant, and illegal hearsay evidence the trial court admitted in evidence en masse some 30 or more depositions of witnesses taken and used on the trial of the injunction suit, and comprising all of the testimony in said cause. About half of these depositions were taken for the complainant, and half for the respondent, and not more than 6 or 8 of them were witnesses in the present case. At the request of defendant the trial court gave the following charges:

Before plaintiff can recover in this case, plaintiff must show by a preponderance of the evidence that Alice V. Taylor in her suit against Yarbrough and the Yarbrough Turpentine Company was prompted by a malicious motive in prosecuting said suit, and if plaintiff has failed to so satisfy your mind then you must find a verdict for defendant.

(3) The court charges the jury that the malice of G. W. Taylor, if you believe from the evidence that G. W. Taylor was actuated by malice, cannot be visited upon defendant, Alice V. Taylor.

W. A. Gunter, of Montgomery, and Alexander & Tucker, of Prattville, for appellant. A. A. Evans, of Montgomery, and Gipson & Booth, of Prattville, for appellee.

SOMERVILLE, J. [1] It is a rule of universal recognition that "the mere fact that testimony has been given in the course of a former proceeding between the parties to a case on trial is no ground for admitting it in evidence. The witness must be produced under such circumstances just as much as one testifying de novo. If for any reason, however, it is impossible to produce the witness and have him testify in the subsequent proceeding the rule may be otherwise." 10 R. C. L. § 143, p. 966; Wisdom v. Reeves, 110 Ala. 418, 18 South. 13; Long v. Davis, 18 Ala. 801; Smith v. Keyser, 115 Ala. 455, 22 South. 149. In Doe v. McLoskey, 1 Ala. 708, 746, it was specifically ruled that depositions taken in a suit in chancery between the same parties are not proper evidence on the trial of an action at law, unless the witnesses are dead or cannot be produced at the trial. Upon considerations of convenience or necessity, the exception to the general rule was extended to certain cases where the witness who testified in the former case was or had become disqualified at common law by reason of having a pecuniary interest in the result of the suit, or from some other cause. Hence it was generally held that the defendant in an action for malicious prosecution could show what he had sworn to on the trial of the criminal charge. McNahan v. Armstrong, 2 St. & P. 151, 23 Am. Dec. 304. And for the same reason the defendant was allowed to show what his wife testified to before the committing magistrate. Gardner v. Randolph, 18 Ala. 685.

Referring to this rule, Mr. Greenleaf says: "So, upon the trial of an action for malicious prosecution, in causing the plaintiff to be indicted, proof of the evidence given by the defendant on the trial of the indictment is said to be admissible in proof of probable cause." 1 Greenl. on Ev. § 352.

With the removal of the common-law disqualification of witnesses in civil cases because of their interest in the result of the suit (Code of 1852, § 2302; Code of 1907, § 4007), the reason for this exception to the rule of exclusion has disappeared, and hence the exception is no longer allowed.

In the case of Thompson v. Richardson, 96 Ala. 488, 11 South. 728, which was an action for malicious prosecution of a criminal charge before a justice of the peace, the trial judge allowed the plaintiff to show, by the justice of the peace himself, what testimony was before him on the trial. This court there said:

"The testimony of the witness Pringle as to the evidence introduced on the trial of Richardson before the justice of the peace should have been excluded. Conceding that the facts deposed to on that trial were admissible on this, on the issue of probable cause vel non, they should have been proved here by witnesses cognizant of them, and not by evidence that such witnesses deposed to them at another time and place and in another case and court. This was the merest hearsay; there being no question of impeachment, and apparently no purpose thereby to show conduct, testimony, and the like on the part of Thompson at that trial which would afford an inference of malice."

The language above quoted is equally applicable here, and the conclusion of prejudicial error in the admission of these depositions is clear; there being no proof offered that any of the witnesses so deposing could not be produced to testify ore tenus at this trial. It is to be observed, of course, that the exclusion is based upon the hearsay rule, and it is quite immaterial whether the testimony on the former trial was oral or written. If the hearsay rule were avoided, as it might contingently have been, then certainly the depositions would in this case have been the best evidence of the testimony to be proven; but that question is not here concerned.

[2] Although charge 1 given for defendant may be misleading, especially to one

not accustomed to discrimination in the use of legal terms, its giving cannot be pronounced reversible error. As said by Stone, J., in Jordan v. A. G. S. R. R. Co., 81 Ala. 220, 226, 8 South. 191, 192:

"Malice may be defined to be any 'indirect motive of wrong.' Any motive, not a bona fide purpose, or not associated with a bona fide purpose, of bringing a person to punishment as a violator of criminal law, is a malicious motive on the part of the person who acts under its influence."

And in the same case he said that "both the malicious motive and the absence of probable cause must coexist." If plaintiffs feared the jury might have interpreted the charge as meaning that defendant was not liable unless she was actuated by specific ill will, they should have requested an explanatory charge. As a matter of fact, the whole subject was made unmistakably clear to the jury by other instructions given to them.

[3] If defendant's husband, G. W. Taylor, had instituted the injunction suit at his own discretion, but within the scope of his authority as agent for his wife, it would seem, on principle, that she would be legally responsible for his malice therein, if he was so actuated. See 2 C. J. 854. We are not advised, however, that defendant's husband instituted the injunction suit as her agent, and the instruction that his malice could not be visited upon his wife was proper on the facts of the case. Conceding that she was charged with his knowledge of facts showing the baselessness of her injunction suit, and that from such knowledge on her part malice might be inferred, yet she was responsible only for her own malice, and not for her husband's.

[4] Having questioned their own witness as to the terms of the lease when it was executed, and its unchanged condition at the time of the trial, plaintiffs cannot complain that defendant was allowed to introduce evidence tending to show that the lease had been fraudulently altered after its execution by her, even though that question may have been concluded adversely to her by the decree in the chancery suit.

[5-7] It is insisted for appellee that the judgment in her favor should be affirmed, regardless of any of the errors complained of, for three reasons: (1) The suit is by a partnership as the only plaintiff apparent, and could not be so maintained as against defendant's demurrer on that ground; (2) in the injunction suit the E. E. Yarbrough Turpentine Company was not enjoined, but only E. E. Yarbrough, personally and individually; and (3) there was a fatal variance between the pleading and proof, in that the complaint alleged that "plaintiff had by assignment a lease given by defendant," whereas the proof was that the lease was assigned to E. E. Yarbrough only.

1. The summons runs in the name of the E. E. Yarbrough Turpentine Company, but the complaint describes the plaintiff as the "E. E. Yarbrough Turpentine Company, a partnership composed of E. E. Yarbrough and J. A. Edwards." Under our decisions this is sufficient to show that the individuals named are the real plaintiffs. Hatcher v. Branch & Co., 141 Ala. 410, 37 South. 690; Foreman v. Weil, 98 Ala. 495, 12 South. 815.

2. The prayer of the bill was for a writ of injunction against the E. E. Yarbrough Turpentine Company and E. E. Yarbrough; the writ was so issued; it was served upon E. E. Yarbrough, a member of the company; in obedience thereto, the business of the company on the land was interrupted and suspended; the suit was answered and defended by E. E. Yarbrough Turpentine Company and E. E. Yarbrough; and against them both the final decree was rendered. Under these conditions we think the complainant in that suit is clearly estopped from saying that the company was not enjoined. It may be that the respondent partnership could have raised the question of personal jurisdiction (City of Opelika v. Daniel, 59 Ala. 211, 217), but certainly the complainant could not.

3. The writ of injunction was procured upon the sworn showing made by the bill of complaint that E. E. Yarbrough and the E. E. Yarbrough Turpentine Company operated on the lands for three years under a three-year lease, and wrongfully continued to so operate under a forged extension thereof; whether the lease was originally executed for the term of three years, or for the term of three years and seven months, being the vital issue in that suit. We do not think it was material to plaintiff's maintenance of this suit whether the original lessee assigned the lease to E. E. Yarbrough or to the company of which he was a member. And the complaint was sufficiently supported by proof that the partnership held the lease by assignment from the lessee to any member of the partnership, if the partnership in fact became the beneficial owner and operator thereunder. A technical assignment in writing to the partnership was not at all necessary.

We conclude, therefore, that the defendant was not entitled to the general affirmative charge upon any of the considerations advanced above, and that the error noted must work a reversal of the judgment.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

## On Rehearing.

[8] In suits against partnerships, although the names of the individuals composing the partnership are set out in the complaint, judgment cannot be rendered against the individuals. For that purpose the individuals

must be made defendants, and each must be served with process. Baldridge v. Eason, 99 Ala. 516, 13 South. 74; Williams v. Hurley, 135 Ala. 321, 33 South. 159; Kilgore v. Shannon, 6 Ala. App. 537, 60 South. 520. But in suits by partners our decisions have settled the rule, whether logically or not, it is now too late to inquire, that a description of the plaintiff as a firm composed of specified individuals is sufficient for the maintenance of the suit. No doubt the distinction noted is based upon the theory of jurisdiction of the persons concerned, which is met in the first instance only by serving process on each individual as a defendant; while in the latter instance it is met by simply naming the individuals in the complaint, and thereby bringing them before the court as such.

Let the application for rehearing be overruled.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.