(82 South. 14)

### BATES v. BIRMINGHAM RY., LIGHT & POWER CO. (6 Div. 829.)

(Supreme Court of Alabama. May 22, 1919.)

1. CARRIERS &#9758;380(2)—CARRIAGE OF PASSENGERS—ACTION FOR ASSAULT AND TRESPASS—PLEA.

In an action against a street railway company for assault and battery and trespass on plaintiff's person while ejecting her, plea *held* bad as neither confessing nor traversing the complaint.

2. CARRIERS &#9758;365(2)—CARRIAGE OF PASSENGERS—EJECTION FOR DISORDERLY CONDUCT—PLEADING.

In an action against a street railway for assault and trespass on the person of plaintiff, a woman, plea which alleged that plaintiff was using vile language and was disorderly, so that defendant's conductor, pursuant to his duty, ejected her from the car by "applying his foot to the posterior part of plaintiff," using no more force than was reasonably necessary, though properly framed in its formal parts, showed use of unnecessary force in ejecting plaintiff.

3. TRIAL &#9758;252(10)—INSTRUCTION—MISLEADING CHARACTER—EJECTION OF STREET CAR PASSENGER.

In an action against a street railway for assault on passenger, an instruction tending to induce the jury to the conclusion it might have been reasonably necessary for defendant's conductor to kick plaintiff off the car in order to eject her when disorderly could well have been refused the evidence affording no ground for the conclusion.

4. TRIAL &#9758;253(6)—STATEMENT OF TENDENCIES OF EVIDENCE.

When the trial judge undertakes to state the tendencies of the evidence to the jury, care should be exercised that the statement sets forth the tendencies making for the support of the contentions of both parties.

5. CARRIERS &#9758;383 — CARRIAGE OF PASSENGERS — WRONGFUL EJECTION — DAMAGES — QUESTION FOR JURY.

In a street car passenger's action for assault and battery and trespass on her person by a conductor in ejecting her, the assessment of damages was for the jury, considering any mitigating circumstances of a nature justifying nominal damages only.

<hr>

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by Ethel Bates against the Birmingham ·Railway, Light & Power Company for assault and battery and for trespass on plaintiff's person. From judgment for defendant, plaintiff appeals. Reversed and remanded.

Count 1 claims damages for an assault and battery committed on plaintiff by a servant or agent of the defendant while acting within the line and scope of his employment. Count 2 claims damages for that the conductor on· the Owneton-Ensley car of the defendant while acting within the line and scope of his employment, as such conductor wrongfully cursed and abused the plaintiff, who was a passenger on said car, and as plaintiff undertook to alight from the car said conductor wrongfully kicked plaintiff, etc.

The pleas were as follows, and were filed to both counts of the complaint:

(2) Defendant says that on the occasion complained of the plaintiff became and was disorderly on defendant's car to the great annoyance of other passengers thereon, and defendant's conductor therefore ejected plaintiff from said car, using no more force than was reasonably necessary.

(3) Defendant says that on the occasion complained of plaintiff was using vile, unseemly, obscene, and profane language on defendant's car in the presence of and to the great annoyance of other passengers who were then and there on defendant's car, and the plaintiff became and was disorderly thereon, and as a proximate consequence thereof and of plaintiff's said conduct the defendant's conductor, as it was his duty to do, ejected the plaintiff from said car by applying his foot to the posterior part of plaintiff, using no more force therefor than was reasonably necessary, and, unless this was wrong, defendant was not guilty. •

Hugh H. Ellis, of Birmingham, for appellant.

Tillman, Bradley & Morrow and T. A. McFarland, all of Birmingham, for appellee.

SAYRE, J. [1] Plea 2 was bad because it neither confessed nor traversed the complaint. Plaintiff may have been disorderly "on the occasion complained of," and defendant's conductor for that reason may have properly ejected her from the car; but these facts do not necessarily operate to deny the assault and battery charged in the complaint.

[2] Plea 3 was properly framed in its formal parts; but we can hardly conceive a case in which it would be necessary for the conductor of a street car to eject a woman by "applying his foot to her posterior part." In short, the plea shows that defendant's conductor kicked plaintiff off the car. Such an application of force to a passenger, male or female, can hardly be justified, especially so in view of the allegation of the second count of the complaint, which alleges that "as plaintiff undertook to alight from said car * * * the said conductor wrongfully kicked plaintiff." Birmingham Railway v. Baird, 130 Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43.

The record does not disclose the fact that any proper showing was made for the admission of the witnesses Ammonds and Roberts. Yarbrough Turpentine Co. v. Taylor, 201 Ala. 434, 78 South. 812.

[3] Charge 3, given at the request of defendant, was misleading; for that it tended to induce the jury to the conclusion that it may have been reasonably necessary to kick the plaintiff off the car in order to eject her. The evidence afforded no ground for 'such a conclusion. The charge could well have been refused.

[4] When the trial judge undertakes to state the tendencies of the evidence to the jury—and such statement frequently affords a most useful means of instructing the jury as to the proper application of the law to the facts—care should be exercised that the statements set forth the tendencies making for the support of the contentions of both parties. Having in view the statement of the trial judge made in response to exceptions to the oral charge, we think appellant has no substantial ground of complaint in this respect.

[5] While the evidence sufficed, undeniably, to make out at least a technical cause of action and a right in plaintiff to recover, yet on that view of the case presented by the evidence for the defendant plaintiff's right may have been characterized by mitigating circumstances of such nature as would justify the assessment of nominal damages only. The assessment of damages was for the jury.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.